## Hopkins v. Bailey

*F. Brewster Wickersham*, of *Metzger & Wickersham*, for plaintiff.

*Carl B. Stoner*, of *Caldwell, Fox & Stoner*, for defendant.

Fox, J., December 31, 1941.—This matter comes before us upon a rule granted to show cause why the Pawtucket Mutual Fire Insurance Company of Pawtucket, Rhode Island, should not be joined as a real party in

interest. The petition for the rule filed by defendant on April 1, 1941, in substance sets forth that the said insurance company had issued a policy of automobile collision insurance, insuring plaintiff's automobile and agreeing to pay for any loss or damage to the said automobile by collision, and provided for the usual $50 to be deducted from the total amount of damage incurred by plaintiff; that the said insurance company adjusted the loss and paid plaintiff the sum of $1,624; that the said insurance company took a release from plaintiff and an assignment of the cause of action and that the said insurance company was the only person who could discharge the right of action or control and enforce the same, and contends that the said insurance company should be joined as a plaintiff under the provisions of Pa. R. C. P. 2002.

Plaintiff filed an answer to the above petition admitting the issuance of the policy of insurance, and that it was in full force and effect at the time plaintiff sustained the injuries for which the suit is brought; plaintiff also admitted that the loss sustained was adjusted for $1,974, less $50 deductive, or $1,924, but contends that the said $1,924 was advanced to plaintiff as a loan and that in return therefor plaintiff issued to the said insurance company what is commonly known as a loan receipt; the answer admitted that the insurance company is subrogated to the rights of plaintiff, but denied that it was a real party in interest and contends that it should not be joined as party plaintiff.

It is further set forth that the discrepancy in the amounts mentioned, to wit, $1,924 and $1,624, is due to the fact that the automobile of plaintiff was salvaged for the sum of $300, so that the net loss to the insurance company was $1,624.

It is agreed between the parties that there is no provision in the policy of plaintiff providing for the issuance of a loan receipt. There is, however, a subrogation provision which provides as follows:

"This company may require from the assured an assignment of all right of recovery against any party for loss or damage to the extent that payment therefor is made by this company."

· The question therefore before us is, should an insurance carrier be joined as a real party in interest, where the plaintiff has suffered a loss because of an automobile collision and is partially reimbursed for the said loss by an insurance carrier, when the plaintiff sues a defendant whose negligence he alleges is responsible for the loss?

The determination of this question requires an interpretation of Pa. R. C. P. 2002, which provides as follows:

"(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

This court in the case of Paul v. Smith, 343 Pa. 63, held that a workmen's compensation insurance carrier could not be joined as a party plaintiff on the ground that the company could not discharge the claim upon which the suit was brought and could not control the prosecution of the suit.

An appeal of the Paul v. Smith case, supra, was taken to the Supreme Court of Pennsylvania by defendant, and on September 29, 1941, the Supreme Court filed an opinion quashing the appeal and held that the real party in interest of a given chose in action is the person who can discharge it and can control an action brought to enforce it.

We see nothing in the instant case to take it out of the conclusion we reached in the Paul v. Smith case, supra. Furthermore, since the determination of the appeal in the Paul v. Smith case, supra, the Supreme Court has again amended the Rules of Civil Procedure

on October 29, 1941.  We do not think the amendment is applicable here, since the matter in controversy arose before the amendment was adopted by the Supreme Court.  However, the amendment, to wit, "Clause (a) of this rule shall not be mandatory where a subrogee is a real party in interest", throws light upon the question involved to such an extent that we are disinclined to change the conclusion we reached in the Paul v. Smith case.

The Supreme Court in disposing of the appeal in the Paul v. Smith case did not dispose of the question involved as to interested parties, but quashed the appeal. The decision of this court, so far as the disposition of this case is concerned, is ruled by that case.

Wherefore, we are of the opinion that the rule should be discharged.

And now, December 31, 1941, upon due consideration, it is hereby ordered, adjudged, and decreed that the rule be discharged.