## Paul *v.* Smith, Appellant.

Argued May 26, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Thomas D. Caldwell,* with him *Carl B. Stoner,* of *Caldwell, Fox & Stoner,* for appellant.

*Earl R. Handler,* of *Douglass & Handler,* for appellee.

PER CURIAM, September 29, 1941:

The question presented arises out of a suit in trespass brought by Raymond Paul against A. Hubert Smith to recover damages for injuries and losses alleged to have been suffered as a result of an automobile accident while plaintiff was a passenger in an automobile being operated by the defendant. The defendant filed a petition asking for a rule upon plaintiff to show cause why the Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company should not be joined in said action as a real party in interest, under the provisions of Rule No. 2002 of the Pennsylvania Rules of Civil Procedure. The petition set forth that the plaintiff was on his employer's business at the time; that the employer carried workmen's compensation insurance; that the insurance company paid all medical expenses and a large proportion of the earnings lost by the plaintiff, and received an assignment of the cause of action to the extent of its payment. The plaintiff filed an answer admitting that the insurance company made certain payments but denied that the cause of action was assigned to the insurance company. While a copy of the petition and rule was sent to the insurer, it filed no answer and did not ask to be made a party to the action. After argument before the court below, the rule was discharged.

The appeal must be quashed as an appeal from an interlocutory order. Unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action: *Lauer v. Lauer Brewing Co.,* 180 Pa. 593, 37 A. 87; *Watkins v. Hughes,* 206 Pa. 526, 56 A. 22; *Griffiths v. Monongahela R. R. Co.,* 232 Pa. 639, 81 A. 713. The order involved here in no sense disposes of the action. It leaves the way open for further proceedings to determine the merits of plaintiff's cause against the defendant.

Appeal quashed.