462 A.2d 789

**John James MORELLI**

v.

**Marie Bittner MORELLI, Appellant.**

**John James MORELLI**

v.

**Marie Bittner MORELLI, Appellant.**

**Marie B. MORELLI, Appellant,**

v.

**John J. MORELLI.**

Superior Court of Pennsylvania.

Argued March 22, 1983.

Filed July 1, 1983.

recommended in *Commonwealth v. Kluska*, 333 Pa. 65, 74, 3 A.2d 398, 403 (1939)." (Footnotes omitted.)

Alexander Zdrok, Philadelphia, submitted a brief on behalf of appellant.

Joseph I. Diamond, Radnor, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is a consolidated appeal from three orders of the trial court. Appeal No. 1599 is from the trial court's order denying alimony pendente lite to appellant, Marie Morelli. Appeal No. 624 is from the trial court's order, sitting en banc, which allows appellee, John Morelli, an opportunity to object to an order granting appellant's application to transfer the divorce proceedings under the new Divorce Code of 1980.[1] Appeal No. 723 is from the final decree entered by the trial court in a partition action. We must quash two appeals because the orders appealed are interlocutory and affirm one of the appeals for the reasons herein stated.

The procedural scenario surrounding this appeal reveal the following:

On February 26, 1979, appellee filed a divorce complaint under the Divorce Law of 1929[2] in the Court of Common Pleas of Chester County. Appellant then filed a petition for alimony pendente lite, counsel fees, and expenses on May 11, 1979. The trial court granted appellant's petition in part

1. The Divorce Code, Act of April 2, 1980, P.L. 63, Act No. 26, 23 P.S. § 101 et seq.

2. The Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 et seq. (repealed).

and awarded appellant counsel fees and expenses in the amount of $500.00.[3] The trial court dismissed appellant's petition for alimony pendente lite. Appeal No. 1599 then followed.

In the meantime, hearings had been conducted by a master on appellee's complaint in divorce, and on June 20, 1980, the master filed a report recommending that a divorce decree should be granted because appellee was an innocent and injured spouse who had been deserted. Exceptions were filed on July 10, 1980. However, on September 2, 1980, appellant filed a "PETITION TO PROCEED UNDER THE DIVORCE CODE OF 1980 AND TO FILE AMENDED PLEADINGS". On this same date, the trial court granted appellant's petition *ex parte*. On September 12, 1980, appellee filed a petition asking the court to rescind its transfer order and also stating that he "would oppose the application" if given the opportunity. "PETITION", Record No. 38–39. A hearing was held, and the trial court, sitting en banc, vacated the transfer order on February 23, 1981, thereby giving appellee an opportunity to oppose the transfer. Appeal No. 624 was then filed on March 23, 1981.

In a neighboring county, Delaware County, appellant filed a partition action in the Court of Common Pleas because real estate, which the parties owned as tenants by the entireties, located in that county on February 9, 1979. Additionally, appellant requested equitable relief on her contention that appellee withdrew monies from their joint savings and checking accounts without appellant's knowledge. The trial court then entered judgment in favor of appellant in the amount of $920.27. Appellant was directed also to deliver the appropriate deed and documents to appellee in order to effectuate a transfer of her interest in the jointly owned real estate. Exceptions were filed and dismissed by the court sitting en banc, and the decree

**3.** Appellee also filed a petition for alimony pendente lite, counsel fees and expenses on January 15, 1980; however, the trial court has yet to rule on the merits of this petition.

entered was affirmed. Appeal No. 723 was filed from the trial court's decree on March 23, 1981.

In this appeal, appellant raises one issue. Appellant argues that the court sitting en banc abused its discretion when it vacated the order of the trial court which granted appellant leave to proceed under the Divorce Code of 1980. We cannot reach the merits of appellant's argument because her appeal is premature.

To begin with, at the time appellant had presented her application to transfer the divorce proceedings under the Divorce Code of 1980, she already had filed a notice of appeal, dated July 11, 1980, with our Court from the trial court's order granting her petition in part for counsel fees and costs while dismissing her petition for alimony pendente lite.

On this subject, we have said that "after an appeal is taken..., the lower court may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

The case of *Wilson v. Wilson,* 297 Pa.Super. 14, 442 A.2d 1189 (1981) sheds some insight into the subject. In *Wilson,* a husband appealed an order of the trial court which denied his petition to reduce an alimony pendente lite award to the wife. Another order entered at the same time allowed additional counsel fees and expenses to wife's counsel. A final decree in divorce was entered after the appeal was taken from the alimony order. This Court stated that "all proceedings in the lower court after February 26, 1980, when the record was lodged in the Superior Court, are null and void for lack of jurisdiction in the lower court to proceed with this matter after that date." *Id.,* 297 Pa.Superior at 23, 442 A.2d at 1194. *Accord Gordon v. Gordon,* 293 Pa.Super. 491, 439 A.2d 683 (1981).

Similarly, in the instant case, the trial court was without jurisdiction when it acted on appellant's petition to proceed under the Divorce Code of 1980.

In this respect, we note that Rule 1701, the pertinent rule, of the Rules of Appellate Procedure provides as follows:

"**Rule 1701. Effect of Appeal Generally**

(a) **General Rule.** Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may no longer proceed further in the matter.

(b) **Authority of lower court or agency after appeal.** After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceedings.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the lower court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the lower court or other government unit within the time prescribed by these rules for the filing of a notice of appeal, petition for allowance of appeal or petition for review of a quasijudicial order with respect to such prior order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of

appeal or petition for allowance of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for allowance of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the lower court or other government unit.

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized on application by the appellate court.

**(c) Limited to matters in dispute.** *Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasi-judicial order, the appeal or petition for review proceeding shall operate to prevent the lower court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the lower court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant."* (Emphasis added)

■ Because we have said that Section c of Rule 1701 is inapposite to an alimony award, *see Wilson v. Wilson, supra,* the "on-appeal, no lower court jurisdiction rule" applies.

■ Additionally, this appeal is premature because, aside from the fact that appellant raises no issues concerning the adequacy of the order which dismissed appellant's petition for alimony pendente lite, we have said that "an order

refusing [alimony pendente lite,] additional fees and expenses is interlocutory, from which an appeal does not lie *Rutherford v. Rutherford,* 152 Pa.Super. 517, 32 A.2d 921 (1943); *Boerio v. Boerio,* 134 Pa.Super. 501, 4 A.2d 614 (1938); *Murray v. Murray,* 78 Pa.Super. 443 (1922)." *Paul v. Paul,* 281 Pa.Super. 202, 207, 421 A.2d 1219, 1222 (1980).

Moreover, we have recognized that

"In such cases [where counsel fees and expenses are denied] an exception to the order should be noted and it should be raised as error in the appeal from the final decree in the divorce proceedings when it will be considered together with the appeal on the merits."
*Id.*[4]

Thus, Appeal No. 1599 is interlocutory, and the court was without jurisdiction to entertain appellant's petition to proceed under the Divorce Code of 1980. For this reason, Appeal No. 624 also must be quashed.

■ With respect to the final decree of the Court of Common Pleas of Delaware County which was entered in a partition action, appellant raises no issues regarding this appeal. As a result, there is no need to address the validity of this appeal since appellant has waived her opportunity to raise any issues. *See Penn Clair Construction Company v. Eden Roc Country Club,* 294 Pa.Super. 377, 379 n. 2, 440 A.2d 514, 515 n. 2 (1981) ("Neither the lower court nor this court is required to investigate the record in search of claims not raised by the parties. On the contrary, the courts have jurisdiction only to determine the matters validly presented to them.")

Appeal No. 1599 is quashed.

4. Although appellee has not challenged that portion of the order which grants appellant counsel fees and expenses in the amount of $500.00, we note that the "allowance of fees and expenses is a final appealable order ... and a party who chooses to pay the fees and expenses awarded by the court rather than to appeal the court's order may not recover his payments." *Paul v. Paul, Id.,* 281 Pa.Superior at 210, 421 A.2d at 1223. (Citations omitted).

Appeal No. 624 is quashed without prejudice to the appellant to renew her transfer petition.

Appeal No. 723 is affirmed.