501 A.2d 211

Olga J. FRIED, Appellee,

v.

Robert J. FRIED, Appellant.

Supreme Court of Pennsylvania.

Argued May 15, 1985.

Decided Nov. 20, 1985.

Ronald M. Katzman, Harrisburg, for appellant.

Timothy J. O'Connell, John C. Howett, Jr., Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

The instant divorce action has been in litigation for five years and demonstrates a procedural practice which creates unacceptable delay in the disposition of matrimonial cases. The relevant facts arose in October, 1981 when the Court of Common Pleas of Dauphin County awarded to appellee the sum of $1,000.00 for interim counsel fees and expenses and $1,250.00 for payment of master's fees and stenographic costs. On appeal the Superior Court, 326 Pa.Super. 271, 473 A.2d 1087, held: (1) that an order granting interim fees and expenses is a final and appealable order; (2) that there was no abuse of discretion by the trial court in awarding to

appellee $1,000.00 for interim counsel fees; and, (3) that under section 401 of the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, § 401, 23 P.S. § 401 (Supp.1985), master fees and stenographic expenses are costs which can be awarded only upon final disposition of the case. For the reasons that follow, we hold that these questions are interlocutory and are therefore not available for an interim appeal.

The first problem presented in this appeal is the question as to which issues are properly before us. The appeal to this Court was requested pursuant to Rule of Appellate Procedure 1112(a) by husband-appellant seeking reversal of that portion of the Superior Court's ruling approving an interim award of counsel fees and expenses imposed by the trial court. Originally, appellant initiated an appeal to the Superior Court and appellee filed a motion to quash on the grounds that the appeal was interlocutory. The Superior Court dismissed the motion to quash and proceeded to reach the merits of that appeal. As stated, the Superior Court affirmed in part and reversed in part the order of the Court of Common Pleas of Dauphin County. Thereupon the appellant requested review by this Court of that portion of the Superior Court order that was adverse to his position. Appellee did not attempt to file a cross appeal either to that portion of the Superior Court's order that was adverse to her or to the Superior Court's ruling on her motion to quash.

We granted this allocatur to address the appealability of interim orders of this type in divorce proceedings because of the importance of that question. Although the parties have not properly preserved that particular issue before us it is nevertheless appropriate for us in this instance to reach that issue. The question of the appealability of an order goes to the jurisdiction of the Court requested to entertain the question. *Vendetti v. Schuster,* 418 Pa. 68, 208 A.2d 864 (1965); *Reading Co. v. Willow Development Co.,* 407 Pa. 469, 181 A.2d 288 (1962); *McGee v. Singley,* 382 Pa. 18, 114 A.2d 141 (1955); *Sullivan v.*

*City and County of Philadelphia,* 378 Pa. 648, 107 A.2d 854 (1954); *Stadler v. Borough of Mount Oliver,* 373 Pa. 316, 95 A.2d 776 (1953). Questions relating to jurisdiction are not waived by the failure of the parties to raise them, and may properly be raised by the court *sua sponte.*[1] *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974); *School District of Borough of West Homestead v. Allegheny County Board of School Directors,* 440 Pa. 113, 269 A.2d 904 (1970); *Daly v. School District of Darby Township,* 434 Pa. 286, 252 A.2d 638 (1969); *Commonwealth, ex rel. Ransom Township v. Mascheska,* 429 Pa. 168, 239 A.2d 386 (1968); *Barco, Inc. v. Steel Crest Homes,* 420 Pa. 553, 218 A.2d 221 (1966); *Vendetti v. Schuster, supra.* In view of our disposition, we need only consider the appealability of interim orders in divorce actions.

The Superior Court, relying upon its recent decision in *Sutliff v. Sutliff,* 326 Pa.Super. 496, 474 A.2d 599 (1984), held that there is immediate review of the discretion employed by trial courts in decisions involving interim relief in divorce actions. In *Sutliff* the Superior Court reasoned that both grants and denials of such interim relief are final, appealable orders because the relief is not part of the merits of the main cause of action; the matter is too important to be denied review; and, if postponed, the claimed right would be irreparably lost. *Id.,* 326 Pa.Superior Ct. at 499–502, 474 A.2d at 600–601. We must now examine that position.[2]

The right to interim relief is derived from section 502 of the Divorce Code which states: "The court may, upon

1. Although appellee did not seek to cross appeal, she has raised the issue as to the appealability of this order in her brief filed in this Court. Appellee notes in her brief that she was persuaded not to cross appeal to this Court since the issue upon which the Superior Court had ruled against her was mooted by a subsequent change of the local rule involved.

2. In *Henderson v. Henderson,* 458 Pa. 97, 327 A.2d 60 (1974), decided under the old divorce code, we relied, without discussion, upon Superior Court cases holding that an allowance of alimony pendente lite, counsel fees and expenses is a final and appealable order. *Id.,* 458 Pa. at 100 n. 5, 327 A.2d at 61–62 n. 5.

petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses." 23 P.S. § 502 (Supp.1985).[3] The Code is silent as to whether orders pursuant to section 502 are final and appealable. We must therefore turn to our Rules of Appellate Procedure and case law construction thereunder to determine whether a section 502 order is a final, appealable order.

It is axiomatic that an appeal will lie only from a final order unless otherwise permitted by statute or rule. *Adoption of G.M.*, 484 Pa. 24, 398 A.2d 642 (1979); *Pugar v. Greco*, 483 Pa. 68, 72, 394 A.2d 542 (1978); *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977); *Piltzer v. Independence Federal Savings and Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974); *Caplan v. Keystone Weaving Mill*, 431 Pa. 407, 246 A.2d 384 (1968); *Stadler v. Mt. Oliver Borough, supra; Coleman v. Huffman*, 348 Pa. 580, 36 A.2d 724 (1944); *Paul v. Smith*, 343 Pa. 63, 21 A.2d 919 (1941). *See also* Pa.R.A.P. 311, 312 and 341(a).

In *T.C.R. Realty, Inc., supra,* we stated:

We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. *Piltzer v. Independence Savings and Loan Association*, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974); *James Banda Inc. v. Virginia Manor Apartments, Inc.*, 451 Pa. 408, 409, 303 A.2d 925, 926 (1973). Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant "out of court." *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 463, 246 A.2d 353, 355 (1968). In *Marino Estate*, 440 Pa. 492, 292, 269 A.2d 645, 646 (1969), we said that an order is not interlocutory if it precludes a

---

3. Section 401 reiterates this right by granting the courts authority to order such payment. It states in part:

The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition the court may award costs to the party in whose favor the order or decree shall be entered, ... 23 P.S. § 401(b) (Supp.1985).

It is to be noted that the final assessment of costs is directed under section 401(b) upon final disposition of the case.

party from presenting the merits of his claim to the lower court.

*Id.* 472 Pa. at 337, 372 A.2d at 724.

*See also Pugar v. Greco, supra,* 483 Pa. at 73, 394 A.2d at 544–45.

In *Bell v. Consumer Discount Company,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), we were persuaded by the wisdom of the approach of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and adopted it as part of our own law. The *Cohen* approach looks beyond the technical effect of the adjudication to its practical ramifications. *Pugar v. Greco, supra,* 483 Pa. at 73, 394 A.2d at 545; *T.C.R. Realty, Inc. v. Cox, supra,* 472 Pa. at 337, 372 A.2d at 724; *Bell v. Consumer Discount Company, supra,* 465 Pa. at 228, 348 A.2d at 735. We now affirm the adoption of *Cohen,* and deem it advisable to apply it in the instant case. As noted in *Pugar v. Greco, supra:*

> In *Cohen,* the Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted. Under *Cohen,* an order is considered final and appealable if *(1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. Id.* 337 U.S. at 546, 59 S.Ct. at 1226, 93 L.Ed. at 536.
> *Id.* 483 Pa. at 73, 394 A.2d at 545 (emphasis added).

 It is clear that an order granting or denying interim fees is not on its face a final order which ends the litigation or disposes of the entire case. The *Cohen* standard, however, provides a vehicle for "a practical rather than technical construction" of such order to determine whether it should be treated as an exception to the classic final judgment rule. Turning to the *Cohen* factors, we agree with the majority in *Sutliff, supra,* that an order relating to

alimony pendente lite, counsel fees and expenses is separable from and collateral to the main cause of the divorce action. *Id.*, 326 Pa.Superior Ct. at 500, 474 A.2d at 600, *citing In re Estate of Georgiana*, 312 Pa.Super. 339, 458 A.2d 989 (1988); *Malenfant v. Ruland*, 274 Pa.Super. 506, 418 A.2d 521 (1980). Arguably, the second *Cohen* factor is likewise applicable to such orders since the right to maintenance during pendency of a divorce action is too important to be denied review. As stated in *Sutliff, supra*, "The purpose of such relief is to promote the fair and impartial administration of justice by enabling the dependent spouse to maintain or defend the principal action in divorce without being placed at a financial disadvantage." *Id.* 326 Pa.Super. at 500, 474 A.2d at 600, *citing Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983); *Jack v. Jack*, 253 Pa.Super. 538, 385 A.2d 469 (1978); *Moore v. Moore*, 198 Pa.Super. 349, 181 A.2d 714 (1962).

However, to qualify under the *Cohen* exception all three factors must be met. It is with regards to the third factor that we differ from the reasoning of the majority in *Sutliff* and instead find ourselves in accord with the dissenting opinion authored by Judge Beck. *Sutliff v. Sutliff, supra* 326 Pa.Super. at 502–08, 474 A.2d at 602–05 (Beck, J., dissenting). The third factor requires a finding that the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. The corollary is that a claimed right which can be compensated through the final judgment is one that is not irreparably lost.

Under the old Divorce Law, Act of May 2, 1929, P.L. 1237, *as amended*, 23 P.S. § 1 *et seq.* (repealed 1980), Pennsylvania courts held that an award of alimony pendente lite and counsel fees made during the pendency of a divorce action was a final and appealable order based upon the theory that the money paid pursuant to the order was unrecoverable, i.e. irreparably lost. *Henderson v. Henderson*, 458 Pa. 97, 327 A.2d 60 (1974); *Paul v. Paul*, 281 Pa.Super. 202, 421 A.2d 1219 (1980); *Brady v. Brady*, 168

Pa.Super. 538, 79 A.2d 803 (1951); *Rutherford v. Rutherford,* 152 Pa.Super. 517, 32 A.2d 921 (1943); *Gould v. Gould,* 95 Pa.Super. 387 (1928); *Lynn v. Lynn,* 68 Pa.Super. 324 (1917). Nevertheless, prior to the Superior Court's decision in *Sutliff v. Sutliff, supra,* an order denying such interim relief was held interlocutory and unappealable. *Morelli v. Morelli,* 316 Pa.Super. 54, 462 A.2d 789 (1983); *Paul v. Paul, supra; Hanson v. Hanson,* 177 Pa.Super. 384, 110 A.2d 750 (1955); *Boerio v. Boerio,* 134 Pa.Super. 501, 4 A.2d 614 (1939).

Although, under prior law it may have been valid to conclude that these matters should receive immediate review, we must now ascertain whether the Divorce Code of 1980, which allows for subsequent adjustment, thus negates the finding of irreparable loss under the *Cohen* standard. Unlike prior law, the Divorce Code of 1980 provides for equitable distribution of marital property, permanent alimony and a final award of counsel fees and costs. 23 P.S. §§ 401, 501 (Supp.1985).

■ Where as here the court grants interim relief under section 502 and the complaint is sought to be raised by the spouse assessed with payment of that award, it was previously held that the payor spouse was entitled to immediate appeal because the amounts paid under such order would be irretrievable. This reasoning, however, fails under the Divorce Code of 1980. As stated in Judge Beck's dissent, "... the new provisions of the Divorce Code authorizing equitable distribution of marital property and permanent alimony have taken away any reason to fear that funds once paid out pursuant to an interim award are unrecoverable." *Sutliff, supra,* 326 Pa.Super. at 504, 474 A.2d at 603 (Beck, J., dissenting). In the event that an initial award of interim relief is granted in error, the court has the power to make adjustments in the final settlement via the equitable division of marital property, permanent alimony, and/or the final award of attorney's fees and costs.[4] Thus, under the

4. In addition, there is further appellate review if the final order of the trial court is appealed. 23 P.S. § 601 (Supp.1985).

new Code the conclusion that a grant of interim financial relief may result in the irreparable loss of a claimed right cannot be supported. We hold, therefore, that such an order is interlocutory and thus not reviewable until final disposition of the case.

Our decision today reflects the policy of law which abhors "piecemeal determinations and the consequent protraction of litigation." *Sullivan v. Philadelphia*, 378 Pa. 648, 649, 107 A.2d 854, 855 (1954). *See also Marino Estate*, 440 Pa. 492, 494, 269 A.2d 645, 646 (1969). The avoidance of unduly protracted divorce proceedings is consistent with the legislature's intent to mitigate harm to the spouses and their children during this emotionally taxing experience. 23 P.S. § 102(4) (Supp.1985). Under the present procedure an appeal of an interim order stays the entire action and results in unnecessary delay in the dissolution of divorce actions. The disastrous result of permitting appeals of grants of interim relief is aptly demonstrated in the instant case. It has been five years since appellee filed a complaint in divorce in July of 1980, and a final resolution has been delayed for four years because of appellant's appeals from these orders. It is obvious that had the interlocutory appeal been disallowed, the present dispute as to costs could have been resolved several years ago in a final divorce decree. Moreover, a policy which allows piecemeal appeals from a single case serves only to increase the cost of litigation, and favors the party with the greater resources, who can strategically delay the action at the expense of the indigent party. We thus conclude that strong policy considerations support our holding today that such orders issued pursuant to section 502 of the Divorce Code are interlocutory and therefore unappealable.

Therefore, we hold in the instant case the Superior Court was without jurisdiction to entertain the interlocutory appeal from the order granting interim relief.

Accordingly, the order of the Superior Court is vacated and the appeal is quashed.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the order of the Superior Court is vacated and the appeal is quashed.

FLAHERTY, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a dissenting opinion in which LARSEN, J., joins.

ZAPPALA, Justice, dissenting.

In *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734 (1975), this Court adopted the exception to the final judgment rule enunciated by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Cohen* created a three-tiered analysis for determining the finality and appealability of an order. Conceding that orders relating to alimony pendente lite, counsel fees or expenses satisfy two factors of the *Cohen* analysis, the majority nevertheless concludes the claimed rights affected by such orders will not be irreparably lost if review is postponed until final judgment in the case. The majority determines that the provisions of the Divorce Code relating to equitable distribution, permanent alimony, and a final award of counsel fees and costs negate a finding of irreparable loss. As a result it then holds that such orders are interlocutory and unappealable.[1]

The majority's determination, that the loss suffered by a spouse who is improperly denied or improperly directed to pay alimony pendente lite or counsel fees can be assuaged by a trial court's adjustments in a final settlement, is founded on two faulty premises. First, the majority presumes that a spouse improperly denied such relief will be

---

1. The appealability of such orders under the new Divorce Code has not previously been addressed by this Court. I must question the wisdom of reaching out to address this question of first impression when the parties have not had the opportunity to brief or argue the issue.

legally entitled to alimony under § 501 of the Divorce Code. Second, it is presumed that sufficient marital property will exist from which a spouse who is denied or directed to pay alimony pendente lite or counsel fees may recoup the loss. These court-created presumptions are contrary to the economic realities of most divorces. Furthermore, the divergent purposes behind alimony pendente lite, alimony, and equitable distribution are ignored.

The purpose of alimony pendente lite is to enable the recipient to maintain or defend a divorce action. Unlike alimony pendente lite, however, permanent alimony may be awarded only under limited circumstances. A court may allow alimony only where it finds that the party seeking alimony lacks sufficient property to provide for his reasonable needs and is unable to support himself through appropriate employment. 23 P.S. § 501(a). Indeed, even non-economic factors, such as the duration of the marriage and marital misconduct, may affect a court's determination of whether alimony is necessary. 23 P.S. § 501(b). It is obvious that a spouse may be entitled to alimony pendente lite, but not to alimony. Contrary to the majority's presupposition, a spouse who has been denied alimony pendente lite may not be able to recover that loss through an award of alimony.

Nor can the majority's assumption that a spouse will be compensated through equitable distribution for any financial loss be substantiated. It is an unfortunate economic reality that not every couple who seeks a divorce has sufficient marital property from which the adjustments envisioned by the majority could be made.[2] While the record in the instant case indicates there is sufficient mari-

2. Although a spouse improperly ordered to pay alimony pendente lite will suffer a financial loss if the order is unappealable, a spouse who is to receive such an award would not sustain any loss if the order is appealable. Under Pa.R.A.P. 1731, an appeal from such an order shall operate as a supersedeas only upon a filing of appropriate security in the amount of 120% of the amount found due by the lower court. For alimony pendente lite, which is generally payable over a period of time, the amount which is deemed to be due under this rule is the aggregate amount payable within 18 months after entry of the order.

tal property, the Court should not confine itself to the peculiar circumstances presented herein in view of the breadth of its holding.

The majority has not questioned the wisdom of the previous holding that orders relating to alimony pendente lite were appealable, but finds only that the reason for appealability no longer exists under the new Divorce Code. I believe that close scrutiny of the interplay of alimony pendente lite, alimony, and equitable distribution refutes this finding. The practical effect of the majority's decision is that a spouse wrongfully denied alimony pendente lite will be unable to maintain or defend the divorce action. The purpose behind an award of alimony pendente lite or counsel fees will be thwarted. I would hold that such orders are appealable, because an irreparable loss of the claimed right may well result if review is delayed.

I fear that the majority's holding may be predicated upon its expressed concern about delays. Although five years have passed since the Appellee initiated the divorce action in this case, it is not inevitable that "an unnecessary delay in the dissolution of divorce actions" will result from an appeal. [Majority at 98] Pursuant to Pa.R.C.P. 1920.52(c), the trial court "need not determine all claims at one time but may enter a decree adjudicating a specific claim or claims." The trial court has the authority to bifurcate the claims; thus, a custody, child support, or divorce claim need not be delayed pending resolution of the collateral economic claims.

Nor is it true that an appeal from a trial court's order relating to economic claims must delay the resolution of the remaining claims. While an appeal ordinarily divests a trial court of authority to proceed further, Rule 1701(c) of the Rules of Appellate Procedure specifically provides that where only a particular claim is involved, an appeal shall prevent the trial court from proceeding further with only such claim unless otherwise ordered. Clearly, Rule 1701(c) would encompass an appeal from an order awarding alimony pendente lite or counsel fees and would prevent any

unnecessary delay. The policy of law abhorring piecemeal litigation is laudatory, but is not intended to sacrifice merited claims and should not now be so used.

Nor should this Court foreclose the appellate rights of every litigant based upon a perception that a particular individual's motivation for taking an appeal may be to strategically delay the litigation. Such potential abuses of the judicial process should not dictate this Court's determination of whether an order is appealable. Costs may be taxed against an appellant if an appeal is dismissed or an order affirmed, Pa.R.A.P. 2741–2743. If an appellate court determines that an appeal is frivolous, an attorney fee and damages may also be awarded. Pa.R.A.P. 2744. Precluding an appeal entirely is an excessive and over-inclusive penalty.

LARSEN, J., joins in this dissenting opinion.