J-A07018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRIAN E. REIFSNYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONICAL R.D. REIFSNYDER, N/K/A | : | No. 1250 MDA 2019 |
| MONICA R. DUNLAP | : | |

Appeal from the Order Entered July 3, 2019
In the Court of Common Pleas of Perry County Civil Division at No(s):
FC-2016-146

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED FEBRUARY 24, 2020**

Appellant, Brian E. Reifsnyder ("Husband"), appeals from the July 3, 2019 Order entered in the Perry County Court of Common Pleas that, *inter alia*, distributed the marital property and debt between Husband and Appellee, Monica R.D. Reifsnyder, n/k/a Monica R. Dunlap ("Wife"), and ordered Husband to pay Wife alimony for ten years.  Upon review, we quash this appeal because a final divorce decree has not been entered.

A detailed recitation of the underlying factual and procedural history is unnecessary to our disposition.  In sum, on June 28, 2016, Husband filed a Complaint in Divorce and Custody.  On October 5, 2018, after a hearing, the Divorce Master filed a Report and Recommendations.  Both Husband and Wife filed Exceptions, and subsequently presented oral argument to the trial court. On July 3, 2019, the trial court issued an Order that, in relevant part,

distributed sixty percent of the marital property to Wife, distributed forty percent of the marital property to Husband, and ordered Husband to pay Wife $928 per month in alimony for a period of ten years.

Husband appealed, prior to the entry of any final divorce decree. Both Husband and the trial court complied with Pa.R.A.P. 1925.

As an initial matter, we must determine if the July 3, 2019 Order is appealable. "The question of the appealability of an order goes to the jurisdiction of the Court requested to entertain the question." *Fried v. Fried*, 501 A.2d 211, 212 (Pa. 1985). Generally, only final orders are appealable. *See* Pa.R.A.P. 341(b)(1) ("A final order is any order that . . . disposes of all claims and of all parties[.]"). In *Fried*, our Supreme Court held that issues in divorce are reviewable after entry of the divorce decree and the resolution of all economic issues. 501 A.2d at 215-216. *See also Campbell v. Campbell*, 516 A.2d 363, 365 (Pa. Super. 1986) (holding that a pre-divorce order of equitable distribution is not a final order); *Leister v. Leister*, 684 A.2d 192, 195 (Pa. Super. 1996) (holding that a spousal support order entered during the pendency of a companion divorce action is not appealable until all claims connected with the divorce action are resolved).

Our review of the record reveals that Husband filed a Notice of Appeal prior to the entry of the final divorce decree. To date, no final divorce decree has been entered. We are, thus, without jurisdiction to entertain this appeal and are compelled to quash.

Appeal quashed. Case stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/24/2020</u>