J-A26025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAROLYN T. CAMPER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRADLEY S. WERNER | : | |
| | : | |
| Appellant | : | No. 2 EDA 2022 |

Appeal from the Order Entered May 17, 2021
In the Court of Common Pleas of Bucks County
Civil Division at No(s): A06-13-60988-D-37

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                          **FILED MARCH 3, 2023**

Appellant, Bradley S. Werner ("Husband"), appeals from the order entered in the Bucks County Court of Common Pleas, denying his recusal motion.  We affirm.

The trial court opinion set forth the relevant facts of this appeal as follows:

> Husband and [Appellee,] Carolyn Camper (hereinafter "Wife") were married on December 18, 2005 and separated on June 19, 2013.  This was the second marriage for Wife, and the fifth marriage for Husband.  This matter was commenced when Wife filed a complaint in divorce on May 24, 2013, seeking equitable distribution of the parties' marital assets, alimony, alimony *pendente lite* ("APL"), counsel fees, costs, and expenses.  Grounds for divorce were approved and, on March 22, 2017, a Master's hearing was held.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Husband filed a motion for a hearing *de novo* on May 5, 2017, asserting that he took "exceptions to the recommendation of" the Master. A three-day equitable distribution trial was held on August 25, 2017, February 20, 2018, and May 24, 2018. Thereafter, on August 20, 2018, [the trial c]ourt entered an order granting the parties a decree in divorce and resolving all claims of equitable distribution concluding, "[c]onsidering all of the factors, an equal split of the marital estate is appropriate." Husband appealed the August 20, 2018 order to the Superior Court. On December 3, 2019, in a memorandum decision, the Superior Court vacated the August 20, 2018 order and remanded the matter for further proceedings. [*See Camper v. Werner*, 225 A.3d 1126 (Pa.Super. 2019) (unpublished memorandum) ("*Camper I*").]

On January 22, 2020, Husband filed a motion, and memorandum of law in support, to disqualify and recuse the [trial judge] (hereinafter "motion for recusal"). Thereafter, Wife filed an answer to Husband's motion and new matter request for counsel fees. On June 19, 2020, a hearing was held at the conclusion of which Husband's motion for recusal was denied. Before the proceeding was adjourned, both parties requested the [trial judge] remain in the case and specifically requested the [trial judge] assist the parties to reach a settlement agreement. Therefore, a subsequent written order was not entered, and the matter was continued to June 25, 2020 for a settlement conference. Ultimately, the parties were unable to agree upon a settlement.

(Trial Court Opinion, filed January 25, 2022, at 1-2) (internal citations to the record, footnotes, and some capitalization omitted).

The court entered a new equitable distribution order, responding to this Court's remand instructions, on February 23, 2021.[1] On May 17, 2021, the

---

[1] Husband challenges the equitable distribution order in a separate appeal, which this Court docketed at 3 EDA 2022.

court entered a formal order denying Husband's recusal motion.  The court entered a final divorce decree on November 17, 2021.

Husband timely filed a notice of appeal challenging the denial of the recusal motion on December 17, 2021.[2]  That same day, the court ordered Husband to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Husband timely filed his Rule 1925(b) statement on December 28, 2021.

Husband now presents two questions for this Court's review:

> Whether the [trial] court's order on remand … pertaining to equitable distribution, and incorporated into its order dated November 17, 2021, should be vacated based upon bias, lack of impartiality, prejudice and/or unfairness towards Husband by the [trial judge].

> Whether the [trial judge] should have been recused from presiding over this matter.

(Husband's Brief at 5).

On appeal, Husband initially asserts that the trial judge did not follow this Court's remand instructions because the new equitable distribution order failed to address two of the statutory factors that are relevant to the equitable division of marital property.  Moreover, Husband alleges that the new order addresses "the potential reversal and remand" of the most recent equitable distribution determination.  (Husband's Brief at 17).  Based on the wording of

---

[2] Issues in divorce are reviewable after entry of the divorce decree and the resolution of all economic issues.  **See Fried v. Fried**, 509 Pa. 89, 501 A.2d 211 (1985).

the new order, Husband argues "[i]t is abundantly clear that [the trial judge] has predetermined Wife's award for the marital interest in [two limited liability corporations operated by the parties], which is erroneous and improper, and extremely unfair to Husband." (Husband's Brief at 17-18). Husband insists that the purported predetermination of the value of Wife's interest in these assets is, on its own, a sufficient reason to require the trial judge's recusal.

In the alternative, Husband suggests that the trial judge "has exhibited partiality, prejudice, bias or ill will towards Husband throughout the post-dissolution proceedings sufficient to establish a basis for recusal[.]" (*Id.* at 19). Husband emphasizes the trial judge's comments and actions at: 1) an August 20, 2018 hearing where the judge first announced his decision regarding the parties' economic issues; 2) a January 7, 2019 hearing on Wife's first contempt petition; 3) a May 28, 2019 hearing on Wife's second contempt petition; and 4) September 2019 hearings on Wife's third contempt petition.[3] Aside from highlighting certain comments from the aforementioned hearings, Husband also complains that the trial judge failed to address Husband's concerns regarding "disclosure of confidential and proprietary business

---

[3] Husband challenged the contempt orders in a prior appeal. *See Camper v. Werner*, 260 A.3d 172 (Pa.Super. 2021) (unpublished memorandum) ("*Camper II*"). This Court dismissed Husband's appeal from the first two contempt orders as moot. Regarding the third order, which held Husband in contempt and compelled him to pay Wife's counsel fees, this Court reversed the order in part. Specifically, this Court determined that the decision in *Camper I* vacated the original equitable distribution order, which effectively extinguished the contempt and counsel fee terms in the third contempt order.

information" related to the limited liability corporations. (***Id.*** at 37). Husband maintains that the trial judge's "lack of impartiality raises, at the least, an appearance of impropriety" that warranted recusal. (***Id.*** at 41). Husband concludes that the trial judge erred in denying the recusal motion, and this Court must vacate the new equitable distribution order on this basis. We disagree.

The following standard of review governs our consideration of this issue:

> Our Supreme Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.
>
> *       *       *
>
> As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion.

***2303 Bainbridge, LLC v. Steel River Building Systems, Inc.***, 239 A.3d 1107, 1118 (Pa.Super. 2020) (quoting ***Commonwealth v. Kearney***, 92 A.3d

51, 60 (Pa.Super. 2014), *appeal denied*, 627 Pa. 763, 101 A.3d 102 (2014)). "In practice, '[d]iscretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.'" **Lewis v. Lewis**, 234 A.3d 706, 722 (Pa.Super. 2020) (quoting **Commonwealth v. Goldman**, 70 A.3d 874, 879 (Pa.Super. 2013), *appeal denied*, 624 Pa. 672, 85 A.3d 482 (2014)).

"Further, 'because the integrity of the judiciary is compromised by the appearance of impropriety, a jurist's recusal is necessary where [the judge's] behavior appears to be biased or prejudicial." **Bowman v. Rand Spear & Associates, P.C.**, 234 A.3d 848, 862 (Pa.Super. 2020) (quoting **Rohm and Haas Co. v. Continental Cas. Co.**, 732 A.2d 1236, 1261 (Pa.Super. 1999)).

> However, simply because a judge rules against a [party] does not establish bias on the part of the judge against that [party]. Along the same lines, a judge's remark made during a hearing in exasperation at a party may be characterized as intemperate, but that remark alone does not establish bias or partiality.

**Lewis, supra** at 722 (quoting **Commonwealth v. McCauley**, 199 A.3d 947, 951 (Pa.Super. 2018)). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings … do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." **Bowman, supra** at 862-63 (quoting **Kearney, supra** at 61).

Instantly, the court conducted a hearing on Husband's recusal motion on June 19, 2020. In light of the arguments presented in the motion and at the hearing, the court denied Husband's recusal request. The trial court opinion offered the following explanation in support of this decision:

> Essentially, Husband was complaining that [the trial judge's] conduct in dealing with his multiple instances of contempt of the original equitable distribution order, rendered [the trial judge] biased against him. [The trial judge] found to the contrary subsequent to the hearing on the motion. Husband's failure to follow the order of the court, and the court insisting on compliance, is not a demonstration of bias or prejudice. [The trial judge] had no problem finding that [his] ability to continue to preside was reasonable and impartial.
>
> Additionally, after the ruling, but prior to adjourning the June 19, 2020 proceeding, both parties, and their counsel, requested the [trial judge] remain in the case and specifically requested the [trial judge] assist the parties in settlement discussions. At the parties' joint request, the matter was continued to June 25, 2020 for a settlement conference. Thereafter, Husband never renewed his motion for recusal and instead participated in further proceedings. Thus, Husband's argument lacks merit as both parties agreed that the [trial judge] would and should remain on the case.

(Trial Court Opinion at 4-5) (some capitalization omitted).

Our review of the record confirms the court's analysis. Husband's brief identifies a handful of negative comments made by the trial judge during contempt hearings that occurred while Husband's appeal of the original equitable distribution order was pending. Rather than demonstrating bias or partiality, the trial judge's comments simply illuminate the jurist's frustration over Husband's non-compliance with certain directives. In the context of a

- 7 -

contempt hearing, a judge's use of pointed language with a contemnor is unremarkable. Thus, the comments at issue are more akin to remarks made "in exasperation" rather than a "display a deep-seated favoritism." *See Lewis, supra*; *Bowman, supra*.

Regarding Husband's claim that the trial judge demonstrated his bias when he "predetermined" the value of Wife's interest in certain assets, we disagree with Husband's interpretation of the new equitable distribution order. The exact language that Husband complains about is as follows:

> This court determines the marital value of PRAC and WAC[, the parties' limited liability corporations,] to be $2,300,000.[4] This is in line with Wife's expert's testimony which valued the increase of these business interests at $2,300,000. This court found Wife's expert's testimony credible, and Husband's expert's testimony not credible. While Wife argued that the value of the PRAC and WAC should be increased by an additional $110,000 to $2,410,000, this court does not adopt this addition to value as the overall increase in value accounts for Wife's premarital contribution to this business.
>
> This court has considered both the possible tax consequences of a sale as well as all other possible liquidation cost[s]. However, the court does not find it appropriate to deduct for those possible costs. Said deductions are not mandatory, and a further reduction of the value of this marital asset would not serve to effectuate economic justice in this matter. Most importantly the court

---

[4] In *Camper I*, this Court reversed the portion of the prior equitable distribution order that valued the martial portion of PRAC and WAC at $2,300,000. Upon remand, we instructed the trial court to address tax and cost of sale consequences and, if necessary, set forth a new valuation. *See Camper I, supra* at 10. This Court also emphasized that the trial court should provide on-the-record statement of reasons to support the chosen valuation. *See id.*

finds that a sale of the business is extremely unlikely. The business is very profitable. It provides Husband with a substantial direct income. In addition, as we previously found, the business supports Husband's expenditure of substantial sums for his personal expenses. As noted below, the court determines that Wife shall receive 60% of the marital assets. Wife's 60% of this asset is $1,380,000. **If the court did deduct the theoretically possible dispositional costs (taxes, liquidation costs, etc.), the court would award Wife substantially more than 60% of the asset, as the court finds that awarding Wife $1,380,000 of this asset is equitable.**

(Order, entered 2/23/21, at 1-2) (emphasis added and some capitalization omitted).

Contrary to Husband's assertions, the above-quoted language does not demonstrate some type of "predetermination" or bias on the part of the trial judge. Instead, the trial judge considered specific factors that were relevant to its decision regarding the valuation of the marital assets. *See* 23 Pa.C.S.A. § 3502(a) (stating court shall equitably divide marital property between parties and providing factors relevant to equitable distribution). The trial judge also explained the interplay between these factors and the distribution scheme as a whole, concluding that the award of a specific amount to Wife was necessary to effectuate economic justice. *See Childress v. Bogosian*, 12 A.3d 448 (Pa.Super. 2011) (reiterating that courts must consider whole of distribution scheme in determining propriety of equitable distribution award; circumstances of case are measured against objective of effectuating economic justice between parties and achieving just determination of property rights). Absent more, we cannot say that the court abused its discretion in

- 9 -

denying the recusal motion.  ***See 2303 Bainbridge, LLC, supra***; ***Lewis, supra***.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2023