J-A01012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD ANDREW POPLAWSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAYMMIE M. VILARINO A/K/A J.M. | : | No. 1165 EDA 2022 |
| POPLAWSKI | : | |

Appeal from the Decree Entered March 1, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2021-06650

BEFORE:    LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MAY 2, 2023**

Richard Andrew Poplawski (Appellant) appeals *pro se* from the March 1, 2022, divorce decree entered in the Montgomery County Court of Common Pleas, with respect to spouse Jaymmie M. Vilarino a/k/a J.M. Poplawski (Appellee).[1]   Appellant argues: (1) the divorce decree was final and appealable; and (2) in granting the divorce pursuant to 23 Pa.C.S. § 3301(d)

_____

[1] Appellee did not file a brief.

We note a prior appeal taken by Appellant, in a separate Protection from Abuse (PFA) matter between the parties, docketed at Montgomery County Civil Division 2021-13498.  In that case, Appellant appealed from the denial of his motion to declare the PFA Act unconstitutional.  On October 1, 2021, this Court *sua sponte* quashed the appeal, reasoning the trial court had dismissed the temporary PFA order against Appellant, and thus he was not an aggrieved party under the PFA Act.  **Poplawski v. Poplawski**, 1712 EDA 2021 (order) (Pa. Super. Oct. 1, 2021).

(irretrievable breakdown), the court failed to make the necessary finding of an irretrievable breakdown in the marriage. We agree the present appeal was properly taken and affirm.

We glean the following underlying facts from the trial court's opinion and the limited certified record. In June of 2011, before the parties met, Appellant was sentenced to death in Allegheny County for the first-degree murders of three police officers.[2] *See* N.T., 2/3/22, at 4-5, 9. He is incarcerated at SCI Phoenix in Montgomery County. Trial Ct. Op., 8/19/22, at 1 n.1. According to Appellant, he and Appellee met in 2016 through a website featuring prisoners seeking pen pals. Appellant's Divorce Complaint, 5/12/21, at 3. Appellee moved from Illinois to Norristown, Pennsylvania, and the parties were married on November 9, 2019, at the prison. *Id.*

On May 12, 2021, Appellant filed a *pro se* complaint in divorce, citing adultery and indignities[3] and requesting alimony and counsel fees.[4] Appellant

---

[2] *See Commonwealth v. Poplawski*, 130 A.3d 697 (Pa. 2015), *cert. denied*, 580 U.S. 843 (2016).

[3] *See* 23 Pa.C.S. § 3301(a)(2), (6) (grounds for divorce).

[4] Previously, in January of 2021, **Appellee** filed a divorce complaint in Montgomery County. *Poplawski v. Marlier*, 135 M.D. 2021 (unpub. memo. at 1) (Pa. Cmwlth. May 6, 2022); *see also* N.T., 2/3/22, at 5; Appellant's Brief at 2. When Appellant attempted to file "a cross-complaint," the Montgomery County Prothonotary's Office declined to file it, and advised Appellant that, as the defendant, he should instead file an answer and counterclaim to Appellee's complaint. *Poplawski*, 135 M.D. 2021 at 2. Appellant then filed a petition for mandamus relief in the Commonwealth
*(Footnote Continued Next Page)*

acknowledged the date of separation was June 30, 2020, and averred: "In mid-December 2020 — only five and a half months after the date of separation[, Appellee] gave birth to an illegitimate child[.]" Appellant's Divorce Complaint at ¶¶ 22, 38.

On September 13, 2021, Appellee filed a counseled answer and counterclaim, requesting a divorce either by mutual consent (also called a "no-fault" divorce) or on "irretrievable breakdown" grounds. Trial Ct. Op. at 2. At this juncture, we review these two statutory grounds. Under 23 Pa.C.S. § 3301(c) (mutual consent), a court may grant a divorce where: (1) it is alleged the marriage is irretrievably broken; and (2) 90 days have elapsed from both the commencement of the action and both parties' filing of an affidavit evidencing they consent to the divorce. 23 Pa.C.S. § 3301(c)(1). Alternatively, under Subsection 3301(d),

> (1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken and the defendant either:
>
> (i) Does not deny the allegations set forth in the affidavit.
>
> (ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines

---

Court. *Id.* at 1, 3. That Court issued a decision on May 6, 2022, pointing out: (1) Appellee's divorce action had since been closed by agreement of the parties, and thus Appellant's claim was moot; and (2) in any event, the divorce decree in this matter had been entered on March 1, 2022. *Id.* at 2-3 & n.7, 6.

that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken.

23 Pa.C.S. § 3301(d)(1)(i)-(ii).

On the same day (September 13, 2021), Appellee also filed an affidavit of consent and a "waiver of notice of intention to request entry of a divorce decree," both pursuant to Subsection 3301(c), mutual consent.[5] On September 30th, Appellant likewise filed an affidavit of consent and a waiver of notice.

Based on these filings, the trial court entered a divorce decree on November 22, 2021. However, on November 30th, Appellant filed a notice of appeal, along with a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, which correctly pointed out the statutory 90-day period for a mutual consent divorce under 23 Pa.C.S. § 3301(c) had not elapsed.[6] Accordingly, three days later, on December 3rd, the trial court vacated the divorce decree.

According to Appellee, however, Appellant then refused to execute another Subsection 3301(**c**) affidavit. N.T. at 3. Thus, on December 8, 2021, Appellee filed an affidavit under Subsection 3301(**d**), which again cited an

---

[5] **See** Pa.R.C.P. 1920.42(a)(2)(i) (to the extent that Sub-section 3301(c)(1) grounds for divorce have been established and the parties have been unable to resolve ancillary claims, the court shall enter an order approving grounds for divorce after: the parties have signed and filed Waivers of Notice of Intention to File the Praecipe to Transmit Record).

[6] This Court did not create a docket for this appeal.

- 4 -

irretrievable breakdown. Appellant responded with a counter-affidavit, now opposing the entry of a divorce decree and claiming: (1) the marriage was not irretrievably broken; (2) the parties had not lived separate and apart; but (3) in any event, there remained pending economic claims. The trial court scheduled a hearing on Appellant's counter-affidavit for February 3rd. Appellant then filed a "Notice & Objection," again averring the court lacked jurisdiction to proceed because he had previously filed a notice of appeal. The trial court directed this issue would also be heard at the February 3rd hearing.

On the day of the hearing, however, the trial court received notification that Appellant would not attend.[7] Appellee appeared with counsel, and testified the parties formally separated on June 30, 2020, by agreeing on that day, over the prison's "open electronic communication and messaging system," to have "no more contact." N.T. at 4. After that date, Appellee did not communicate with Appellant, although Appellant wrote to her, insulting her. *Id.* at 6-7. The trial court found the time requirement of Subsection 3301(d) was satisfied — that by the time of the hearing (February 3, 2022), the parties had been living separate and apart for more than one year. *Id.* at

_____

[7] Appellant was scheduled to appear by videoconference. "[T]he Montgomery County IT department (that facilitated . . . the virtual proceeding)" informed the trial court, "I just received a Phone call from . . . CO Brown that [Appellant] to inform the judge [sic]" that he does not "plan on attending the court hearing scheduled for him today[.]" Trial Ct. Op. at 5.

- 5 -

7. The court also noted there were no proceedings scheduled on Appellant's purported claims of alimony and economic relief. *Id.* at 8.

Thus, on March 1, 2022, the trial court entered the underlying final divorce decree. Appellant filed a timely notice of appeal[8] and Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[9]

On May 27, 2022, however, this Court issued a *per curiam* rule on Appellant to show cause as to the finality and appealability of the divorce decree, where it appeared economic issues had not been resolved. *See Fried v. Fried*, 501 A.2d 211, 214-15 (Pa. 1985) (issues in divorce are not appealable until entry of divorce decree and resolution of all economic issues). Appellant responded the decree did resolve all his economic claims by denying

_____

[8] Appellant initially attempted to file a notice of appeal, timely, on March 25, 2022, but the trial court clerk of courts rejected it for failure to pay the filing fees. The notice of appeal was not docketed until April 11, 2022, after the 30 day-period to appeal had expired. *See* Pa.R.A.P 903(a). Appellee filed a motion to quash. This Court, however, reasoned the clerk of courts was obligated to accept the notice of appeal for filing, notwithstanding any perceived defects therein, and thus denied the motion to quash. Order, 6/17/22. *See also* Pa.R.A.P. 905(a)(3) ("Upon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket."). As noted above, Appellee did not file a brief in this appeal.

[9] The first claim in Appellant's Rule 1925(b) statement is that his **prior** notice of appeal, from the first divorce decree entered November 22, 2021, divested the trial court of jurisdiction to take any further action. Appellant's Rule 1925(b) Statement Errors [sic] Complained of on Appeal, 5/3/22. However, he has abandoned this issue in his brief.

them, as evidenced by the notation on the decree, "No other relief granted." *See* Divorce Decree, 3/1/22. This Court discharged the show cause order but advised the parties that the merits panel could revisit this issue.

On appeal, Appellant presents two issues for our review:

I. Does the divorce decree constitute a final, appealable order?

II. Did the lower court err by entering a divorce decree under 42 Pa.C.S. § 3301(d) without first making a factual finding that the marriage was "irretrievably broken"?

Appellant's Brief at 1.

Appellant first addresses the issue raised in our prior show cause order: whether the divorce decree was final and appealable.[10] He continues to maintain the statement on the divorce decree, "No other relief granted," "encompasses the requested economic relief." *See* Appellant's Brief at 8. We agree.

As noted above, an order in a divorce matter is not final and appealable until a divorce decree has been entered **and** all economic issues have been resolved. *Fried*, 501 A.2d at 214-15. *See also* Pa.R.A.P. 341(a)-(b) (appeal may be taken as of right from any final order, defined as an order that, *inter alia*, disposes of all claims and of all parties). Presently on appeal, Appellant

---

[10] Although this issue was not raised in Appellant's Rule 1925(b) statement, we decline to find waiver, where this Court subsequently advised the issue could be reviewed by the merits panel. *See* Pa.R.A.P. 1925(b)(4)(vii) (issues not included in Rule 1925(b) statement are waived).

raises no argument that his economic claims were overlooked and require review; indeed, he maintains his claims were denied. The trial court's opinion acknowledged this Court's show cause order and Appellant's response, and did not dispute Appellant's summation. *See* Trial Ct. Op. at 8. In light of the foregoing, we conclude the divorce decree was final and appealable.

Next, Appellant contends the trial court erred in entering a divorce decree under Subsection 3301(d) because it failed to make the requisite finding of an irretrievable breakdown in the marriage. Appellant's Brief at 9-10. As stated above, under Subsection 3301(d)(1), a court may grant a divorce over a party's objections if, *inter alia*, "after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least one year **and** that the marriage is irretrievably broken." 23 Pa.C.S. § 3301(d)(1)(ii) (emphasis added).

For ease of review, we summarize the trial court's rationale for its decision. First, Appellant "had the opportunity to prosecute his claim that the marriage was not irretrievably broken," but he chose to not appear for the February 3, 2022, hearing, despite proper and adequate notice. Trial Ct. Op. at 13. Additionally, Appellant's own, earlier-filed Subsection 3301(c) affidavit averred the marriage was irretrievably broken and consented to a divorce on this ground:

> 2. The marriage of [Appellant] and [Appellee] is irretrievably broken and [90] days have elapsed since filing and service of the Complaint.

3. I consent to the entry of a final decree of divorce[.]

*     *     *

1. I consent to the entry of a final decree of divorce without notice.

Trial Ct. Op. at 3, 14 (footnote omitted), *quoting* Appellant's Affidavit of Consent, 9/30/21; Appellant's Waiver of Notice of Intention to Request Entry of a Divorce Decree Under Section 3301(c) of the Divorce Code, 9/30/21.  "At no time [before] the issuance of the first Divorce Decree on November 22, 2021, did [Appellant] raise any objection that the marriage was irretrievably broken."  Trial Ct. Op. at 14.  Additionally, the subsequent vacating of that decree was based "purely on a procedural defect," and not, again, on "any substantive argument or a timely request filed by" Appellant.  ***Id.***

On appeal, Appellant challenges the trial court's reliance on his prior consent to a divorce decree.  He maintains that "hearts and minds change[,]" "a litigant's subjective evaluation of his prospects for reconciliation can be expected to fluctuate[ ]" and thus "the **freshest** averments, made in [his latest] counteraffidavit[,] are operative now."  Appellant's Brief at 10.  Additionally, Appellant argues his absence at the hearing hindered the court's decision: "[I]t was all the easier to take [Appellee's] unchallenged and unrebutted testimony on the issue of irretrievable breakdown."  ***Id.*** at 11.  We conclude no relief is due.

We observe Appellant has cited no authority for the proposition that the court should weigh a divorce litigant's later averments over inconsistent, prior

averments. *See* Pa.R.A.P. 2119(a) (argument shall include such discussion and citation of authorities as are deemed pertinent). With regard to the trial court's crediting his earlier-filed pleadings, as well as Wife's testimony at the hearing, we emphasize "[t]he fact finder is free to believe all, part, or none of the evidence and the Superior Court will not disturb [its] credibility determinations[.]" *See Smith v. Smith*, 904 A.2d 15, 20 (Pa. Super. 2006) (citation omitted). Finally, Appellant presents absolutely no argument or evidence why the marriage is not irretrievably broken; he merely, vaguely asserts that a party may change their mind. *See* Appellant's Brief at 10.

In light of the foregoing, we conclude Appellant has not presented any basis for relief. Furthermore, we acknowledge the trial court's observation that Appellant is "wasting valuable court resources with . . . continuous litigation," and "it remains difficult to understand his decision to continuously litigate the entry of a final Divorce Decree in his own filed divorce action." Trial Ct. Op. at 14 & n.47. We affirm the final divorce decree entered March 1, 2022.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2023

- 10 -