612 A.2d 1064

**Ralph R. FLOWERS**

v.

**Carol A. FLOWERS, Appellant.**

Superior Court of Pennsylvania.

Argued April 2, 1992.

Filed Sept. 8, 1992.

Lee D. Moses, Pittsburgh, for appellant.

Robert D. Clark, New Castle, for appellee.

Before KELLY, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the trial court's denial of appellant's petition to vacate a divorce decree. For the reasons set forth below, we affirm.

The parties to the instant action were married in 1954. Plaintiff/appellee, Ralph R. Flowers, instituted divorce proceedings by filing a complaint on August 24, 1988 alleging both indignities and irretrievable breakdown of the marriage. This complaint was served on defendant/appellant, Carol A. Flowers, by certified mail. The parties stipulated to the fact that appellant was served with a copy of the complaint in August of 1988.[1] Two years later, appellee filed an affidavit averring that he and the appellant had been living separate and apart for at least three years and that the marriage was irretrievably broken. *See* 23 Pa. C.S.A. § 3301(d) (Grounds for divorce; Irretrievable break-

---

1. The certified record also contains a return receipt signed by appellant acknowledging service on August 26, 1988.

down of marriage). A copy of this affidavit was served on appellant by certified mail and she acknowledged receipt on August 30, 1990. The certified record indicates that appellant made no response to the affidavit. On October 5, 1990, the trial court entered a decree divorcing the parties but retaining jurisdiction over any claims raised prior to entry of the decree which had not yet been resolved.

Newly retained counsel for appellant entered his appearance on December 21, 1990. Appellant's prior counsel had never formally entered an appearance or filed any documents on behalf of his client. On January 29, 1991, new counsel petitioned the lower court to vacate the divorce decree and permit appellant to file a counterclaim to appellee's divorce complaint. The trial court issued a rule on appellee and conducted a hearing on the matter in May of 1991. At that time the parties stipulated *inter alia* to the following facts: the 1988 complaint in divorce included a request for equitable distribution of the marital assets; the appellant never filed any documents with the court until the 1991 motion to vacate the decree; the equitable distribution issues were still before the court; and neither party had ever asked for a bifurcation of the proceedings. By an order docketed August 22, 1991, the trial court denied appellant's petition to vacate the divorce decree. She filed a notice of appeal to this court on September 17, 1991 which raises one issue: whether a fatal defect apparent on the face of the record exists in a bifurcated divorce when no motion was ever made to bifurcate, no notice was given of a right to bifurcate, and the trial court failed to review the advantages and disadvantages of the bifurcation.

Before we can reach the substantive claim raised by appellant, however, we must first determine whether appellant has filed a timely appeal from a final order. These questions are jurisdictional and may be raised *sua sponte* by an appellate court. *See Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985); *Lower Lake Dock v. Messinger Bearing,* 395 Pa.Super. 456, 577 A.2d 631 (1990). The finality of an order is a judicial conclusion which can be

reached only after an examination of its ramifications. *Gordon v. Gordon,* 293 Pa.Super. 491, 498, 439 A.2d 683, 686 (1981), *aff'd,* 498 Pa. 570, 449 A.2d 1378 (1982). "[I]n deciding whether an order is 'final,' one must do more than ask only whether the appellant is 'out of court'; one must also ask whether, even if the appellant is still in court, the order is in its 'practical aspects' sufficiently final to make it appealable." *Id.* 293 Pa.Super. at 499–500, 439 A.2d at 687 (citations omitted). It is clear that denial of a motion to vacate a divorce decree is a "final order" because it effectively puts a defendant "out of court" on both the question of the right of the former spouses to remarry or their right to make an effective will which designates a third party as legatee regarding their interests in property originally held by the entireties. *See* Pa.R.A.P., Rule 341(a), 42 Pa.C.S. (final orders generally).

This is not the end of our initial inquiry, however. The instant case presents a further procedural difficulty in that this court has not previously decided whether it is proper to appeal immediately from an order denying a petition to open or vacate a divorce decree, or whether it is necessary first to file exceptions or post-trial motions. Unfortunately, there is no rule of civil or appellate procedure which mandates the proper action following the trial court's denial of a petition to open or vacate a divorce decree. Fashioning new rules is a function within the exclusive jurisdiction of the Pennsylvania Supreme Court. *See, e.g., Commonwealth v. Mason,* 507 Pa. 396, 402, 490 A.2d 421, 423–24 (1985), *quoting Commonwealth v. Walls,* 255 Pa.Super. 1, 5, 386 A.2d 105, 106–07 (1978) (general supervisory and administrative authority over all the courts is vested solely in the Supreme Court of Pennsylvania which alone may promulgate a new procedural rule or amend a present rule). In the absence of a specific Rule of Civil Procedure directing such action, we decline to complicate the procedural hurdles facing an aggrieved party in a divorce action by forcing him or her to engage in the equivalent of post-trial practice after the *denial* of a motion to open or vacate a

divorce decree. We therefore conclude that the instant appeal is properly before us since appellant timely filed her notice of appeal after the trial court declined to open the decree. Having reached this determination, we turn to a consideration of appellant's substantive claim.

■ The thrust of appellant's argument is that because no motion to bifurcate was filed, she received no notice that bifurcation was a possibility. In consequence, she lost the benefit of the interim support she had been receiving and never had an opportunity to file a claim for alimony or alimony pendente lite. Appellant urges us to find that this constitutes a fatal defect apparent on the face of the record requiring us to vacate the divorce decree.

As the trial court has correctly explained, appellant's motion to vacate the divorce decree is governed by 23 Pa.C.S. § 3332 which provides as follows:

### Opening or vacating decrees

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S. § 3332. In order to comply with 42 Pa.C.S. § 5505, appellant was required to file her motion to vacate within thirty (30) days after the entry of the divorce decree. She did not act within this time period. The trial court thus

lacked jurisdiction to grant her petition absent an allegation of extrinsic fraud, lack of jurisdiction over the subject matter, or a fatal defect apparent on the face of the record.

We note that appellant has never argued that the lower court lacked subject matter jurisdiction to issue the divorce decree. In all other respects, we find that the opinion prepared by the Honorable Glenn McCracken, Jr., President Judge of Lawrence County, has correctly and succinctly analyzed appellant's claim. We therefore adopt the following extract from the trial court as our own and we affirm on that basis:

Although the [appellant] acknowledges in her brief that the basis for vacating a divorce decree is extrinsic fraud or a fatal defect on the record, she does not indicate anywhere [in her brief] where such fraud occurred or what defect exists. Her argument, rather, is based on the equitable nature of divorce proceedings and the policy of the Divorce Code to effectuate economic justice between the parties. But none of this indicates why a court should exercise its equitable powers to vacate an earlier decree when the moving party had ample opportunity earlier in the proceedings [to object]. Nor do the cases cited in the [appellant's] brief support her position. Both *Foley v. Foley*, 392 Pa.Super. 9, 572 A.2d 6 (1990) and *Masciulli v. Masciulli*, 194 Pa.Super. 646, 169 A.2d 562 (1961) were cases in which extrinsic fraud required the vacating of a divorce decree, while *Levine v. Levine*, 360 Pa.Super. 297, 520 A.2d 466 (1987) involved the distinction between spousal support and alimony *pendente lite*, but said nothing about when a divorce decree should be vacated. Finally, *Wolk v. Wolk*, 318 Pa.Super. 311, 464 A.2d 1359 (1983) enunciates the standards to be followed in considering a motion to bifurcate, but it does not indicate that a decree should be vacated when no such motion was ever filed.

This is a case in which the [appellant] had ample notice of every procedural step taken by the plaintiff. She had an adequate opportunity to ask for a bifurcation of the proceedings or to file a claim for economic relief, but

never did so. Having waived her rights in this regard, and not having shown the type of fraud or defect on the record that would justify the extraordinary relief she seeks, she is not entitled to it. *Ratarsky v. Ratarsky,* 383 Pa.Super. 445, 557 A.2d 23 (1988), [*aff'd,* 525 Pa. 497, 581 A.2d 1377 (1990) ]; *Tanis v. Tanis,* 206 Pa.Super. 213, 213 A.2d 102 (1965). A party who never filed a counter-claim or any other type of pleading despite having notice and the opportunity to be heard cannot now complain that her rights are in jeopardy.... No basis for vacating the divorce decree having been shown, the motion will be denied.

Trial court opinion filed August 23, 1991 at 3–4.[2] Because appellant has not advanced an argument which could justify a finding of extrinsic fraud, lack of jurisdiction over the subject matter, or a fatal defect apparent on the face of the record within the meaning of 23 Pa.C.S. § 3332, we conclude that the trial court properly denied appellant's petition to vacate the divorce decree.

Order affirmed.

**2.** We note, as did the trial court, that the economic claims which concern appellant are still before the trial court. The equitable arguments raised on appeal are still viable and may be advanced in the equitable distribution hearing as a basis for awarding a larger share of the marital property to appellant.