641 A.2d 610

**Evelyn Wright BROWN, Appellant,**

v.

**R. Ray BROWN.**

Superior Court of Pennsylvania.

Argued Feb. 16, 1994.

Filed May 17, 1994.

David Gray, King of Prussia, for appellant.

Catherine H. Voit, West Chester, for appellee.

Before CIRILLO, BECK and JOHNSON, JJ.

CIRILLO, Judge:

Appellant Evelyn Wright Brown appeals from an order of the Court of Common Pleas of Chester County denying her request to set aside a post-nuptial property settlement agreement entered into by Mrs. Brown and appellee R. Ray Brown. We quash.

Evelyn and R. Ray Brown were married in 1967 and divorced in 1974. In 1976, they remarried. On July 30, 1990, Mr. and Mrs. Brown executed a post-nuptial agreement. Mrs.

Brown did not retain independent counsel, despite being advised to do so by Edward N. Flail, Jr., Esquire, the attorney who drafted the post-nuptial agreement. On July 2, 1991, Mr. and Mrs. Brown divorced for a second time. The post-nuptial agreement was incorporated by reference into the July 2, 1991 divorce decree. No appeal was taken from the final decree.

Ten months later, on May 11, 1992, Mrs. Brown filed a petition to vacate and nullify the post-nuptial agreement. *See* 23 Pa.C.S. § 3332. After various amendments and answers to that petition, a hearing was held before the Honorable Alexander Endy. On June 25, 1993, Judge Endy entered an order denying Mrs. Brown's petition. On July 6, 1993, Mrs. Brown filed post-trial motions. *See* Pa.R.C.P.1920.52(a)(2). On September 30, 1993, Judge Endy entered an order denying post-trial motions. Mrs. Brown filed her appeal on October 15, 1993, challenging the validity of the post-nuptial agreement. Mrs. Brown's appeal was untimely; therefore, this court has no jurisdiction to hear this appeal. *See Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985) (questions of jurisdiction may be raised sua sponte by the appellate court).

Mrs. Brown did not appeal from the final divorce decree, which had incorporated the post-nuptial agreement. Instead, she filed a petition to vacate the decree ten months after the decree was entered. Generally, an untimely appeal divests this court of jurisdiction. *See* Pa.R.A.P. 903(a). Section 3332 of the Domestic Relations Code, however, allows a challenge to the final order past the thirty day period if certain circumstances are present.[1]

---

1. Section 3332 provides in relevant part:

   **§ 3332. Opening or vacating decrees**

   A motion to ... vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the facts of the record must be made within five years after entry of the final decree.... [E]xtrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the evidence.

   23 Pa.C.S. § 3332.

■ Notwithstanding the fact that Mrs. Brown filed her petition to vacate within the statutory five year period, her procedural steps thereafter were improper. Rather than appealing from the trial court's June 25, 1993 order denying the petition to vacate, Mrs. Brown filed post-trial motions. This was improper. The court's order denying the petition was a final order, and the appeal lies from that order. On October 15, 1993, Mrs. Brown filed her appeal from the order denying post-trial motions. Her appeal, therefore, was untimely. *See* Pa.R.A.P. 903(a).

Prior to this court's decision in *Flowers v. Flowers,* 417 Pa.Super. 528, 612 A.2d 1064 (1992), the law provided no procedural guidance on this issue. In *Flowers* we stated:

The instant case presents a further procedural difficulty in that this court has not previously decided whether it is proper to appeal immediately from an order denying a petition to open or vacate a divorce decree, or whether it is necessary first to file exceptions or post-trial motions. Unfortunately, there is no rule of civil or appellate procedure which mandates the proper action following the trial court's denial of a petition to open or vacate a divorce decree.

*Id.* at 531, 612 A.2d at 1065–66.

Deciding not to complicate further "the procedural hurdles facing an aggrieved party in a divorce action[,]" the court refused to force that party "to engage in the equivalent of post-trial practice after the *denial* of a motion to open or vacate a divorce decree." *Id.* at 531, 612 A.2d at 1066.

Chronologically, Mrs. Brown did not have the benefit of the September 8, 1992 *Flowers* decision when she filed her petition to vacate on May 11, 1992; however, the petition to vacate was denied on June 25, 1993, nine months after *Flowers* was decided. We find, therefore, that this case is controlled by *Flowers.* Accordingly, we quash this appeal.

Appeal quashed.