667 A.2d 410

**Domenick J. PURICELLI, Appellant,**

**v.**

**Saundra L. (Berkebile) PURICELLI.**

Superior Court of Pennsylvania.

Submitted Aug. 21, 1995.

Filed Nov. 16, 1995.

</div>

494

Julianne M. Keri, Somerset, for appellant.

Susan Mankamyer, Somerset, for appellee.

Before McEWEN, DEL SOLE and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the order of the trial court which granted appellee's petition to vacate the divorce decree and denied appellant's request for a stay of the proceeding.

Appellant presents the following questions for our review: (1) whether the trial court erred in concluding that the Pennsylvania Rules of Civil Procedure require a plaintiff to wait twenty (20) days after filing the divorce complaint before he or she may file a notice of intention to request entry of a divorce decree; (2) whether the trial court erred in concluding that appellee established grounds for vacating the divorce decree under section 3332 of the Divorce Code, 23 Pa.C.S.A.; and (3) whether the trial court erred in refusing to stay the hearing on appellee's petition in violation of the Soldiers' and Sailors' Civil Relief Act Amendments of 1991 (SSCRA), 50 Appendix U.S.C.A. § 521(a). For the reasons set forth below, we quash the appeal.

Before addressing these issues, it is necessary to recount the relevant facts of this case. Appellant, Domenick Puricelli, and appellee, Saundra Berkebile Puricelli were married on May 31, 1986. One child, Joshua Puricelli, was born during the marriage.[1] Due to appellant's service in the armed forces, the Puricellis resided at various military bases both in the United States and abroad. In February of 1992, appellee left the marital domicile in North Carolina and returned to Pennsylvania with the parties' child. The parties thereafter continuously lived separate and apart for more than two years.

On May 25, 1994, appellant filed a complaint in divorce, the affidavit required by the Divorce Code, 23 Pa.C.S.A. § 3301(d), and notice of intention to request entry of a divorce

---

[1]. Joshua was born on December 23, 1986 and is eight years old at the present time.

decree. These materials, as well as the section 3301(d) counter-affidavit, were duly served on and received by appellee on May 31, 1994. Appellee was unable to discuss this matter with legal counsel and, as a result, did not take any action to protect her legal rights. Due to the lack of response from appellee, appellant filed a praecipe to transmit the record to the trial court for entry of a divorce decree on June 20, 1994. Upon receipt of the praecipe, the trial court entered the divorce decree.

Appellee discovered that the divorce had been granted and obtained legal counsel. On July 20, 1994, appellee filed a petition to vacate the divorce decree based on extrinsic fraud. A hearing on the petition was held on December 23, 1994, over the objection of appellant's counsel. By order dated February 28, 1995, the trial court granted appellee's petition and vacated the divorce decree. Appellant has timely appealed therefrom.

It is a fundamental principle of law that an appeal will lie only from a final order unless otherwise permitted by rule or statute. *Fried v. Fried,* 509 Pa. 89, 93, 501 A.2d 211, 213 (1985). We must therefore first ascertain whether the trial court's determination constitutes a final and appealable order because the question of appealability affects our jurisdiction to entertain this appeal. *See Fried v. Fried,* 509 Pa. at 91–92, 501 A.2d at 212; *Flowers v. Flowers,* 417 Pa.Super. 528, 530, 612 A.2d 1064, 1065 (1992) (question concerning the finality of an order is jurisdictional and may be raised *sua sponte* by the appellate courts). With regard to this issue, we note that appellant refers to 42 Pa.C.S.A. § 742 and 42 Pa.C.S.A. § 5105(a) in his jurisdictional statement. Appellant's Brief at 1. These provisions vest jurisdiction in this court over appeals from *final* orders. *See* 42 Pa.C.S.A. § 742 (the Superior Court shall have exclusive jurisdiction of all appeals from final orders) and 42 Pa.C.S.A. § 5105(a)(1) (there is a right of appeal under this subsection from the final order of every court of this Commonwealth to the court having jurisdiction of such appeals). A final order is defined as one which: (1) disposes of all claims or of all parties; or (2) any order that is expressly defined as a final order by statute; or (3) any order

entered as a final order pursuant to Appellate Rule 341(c). Pa.R.A.P., Rule 341(b), 42 Pa.C.S.A. None of these requirements have been met.

The order in the instant case did not dispose of all claims or parties nor did it otherwise put the litigants out of court. Rather, the practical effect of the order was to put the parties into court with respect to their divorce and equitable distribution claims. *Compare Flowers v. Flowers*, 417 Pa.Super. at 531, 612 A.2d at 1065 (order denying a motion to vacate a divorce decree was final and appealable under Pa.R.A.P., Rule 341 because it effectively put the defendant out of court with regard to her marital status and the rights associated therewith). The order thus cannot be deemed final within the meaning of Rule 341(b)(1).

Appellant has not referred us to any rule or statute, nor are we aware of such, which expressly defines the type of order at issue here as a final order for purposes of appeal. The trial court also did not include in its order an express determination that an immediate appeal would facilitate resolution of the entire case in accordance with Rule 341(c). Consequently, the order does not fulfill the requirements of either Rule 341(b)(2) or (b)(3).

Because the trial court's order does not satisfy any of the indicia of finality, it is not a final order as defined in Rule 341(b). The Judicial Code provisions upon which appellant relies therefore do not permit us to exercise jurisdiction in this case. However, our inquiry is not at an end because we must determine whether the order may be appealable as of right pursuant to another jurisdictional source.

The Judicial Code allows the appellate courts to hear appeals from those classes of interlocutory orders as may be specified by law. *See* 42 Pa.C.S.A. § 702(a) (an appeal authorized by law from an interlocutory order in a matter shall be taken to the appellate court having jurisdiction of final orders in such matter) and 42 Pa.C.S.A. § 5105(c) (there shall be a right of appeal from such interlocutory orders as may be specified by law; the governing authority shall establish by

general rule rights to appeal from such classes of interlocutory orders from which appeals are regularly permitted pursuant to 42 Pa.C.S.A. § 702(b)). Under this authority, the Supreme Court has promulgated two rules which permit interlocutory appeals to be taken as of right. *See* Pa.R.A.P., Rules 311 and 313, 42 Pa.C.S.A. However, the order in this case does not fall within the classes of appeals governed by these rules.

Rule 311 permits an interlocutory appeal to be taken as of right from orders which: affect judgments, attachments and injunctions; change criminal venue or venire; award a new trial; direct partition; sustain venue or personal jurisdiction; change venue or transfer a case to a court of coordinate jurisdiction; substantially handicap the prosecution of a criminal case; overrule preliminary objections in an eminent domain case; or involve an administrative remand. Pa.R.A.P., Rule 311(a)–(f), 42 Pa.C.S.A. Examination of the order in this case reveals that it clearly does not fall within any of the above categories. Although Rule 311(a)(1) allows an appeal to be taken in matters affecting judgments, it only grants a right of appeal from an order "refusing to open, vacate or strike off a judgment." Pa.R.A.P., Rule 311(a)(1), 42 Pa.C.S.A. Because the order *sub judice* vacated the divorce decree, it is not appealable under the narrow exception granted by Rule 311(a)(1). *See, e.g., Hagel v. United Lawn Mower Sales & Service, Inc.,* 439 Pa.Super. 35, 41, 653 A.2d 17, 20 (1995) and *Joseph Palermo Development Corp. v. Bowers,* 388 Pa.Super. 49, 51–53, 564 A.2d 996, 997–998 (1989) (Rule 311(a)(1) does not authorize an appeal to be taken as of right from an interlocutory order opening a judgment). We must accordingly consider whether the order is appealable under Rule 313. Rule 313 permits an appeal to be taken as of right from a collateral order. Pa.R.A.P., Rule 313(a), 42 Pa.C.S.A. The rule defines a collateral order as one which is separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. *Id.,*

Rule 313(b). These elements have not been met with respect to that part of the order vacating the divorce decree.

This case involves a divorce action, the primary purpose of which is to secure a divorce from the bonds of matrimony. The question of whether a divorce decree should be entered is therefore an essential rather than collateral part of the litigation. While appellant's marital status is unquestionably important insofar as it affects his right to remarry, make a testamentary disposition of property and hold title to property, such rights are necessarily affected in all divorce proceedings. Consequently, we are not persuaded that the rights involved here are of such paramount importance as to require immediate appellate review. Finally, the questions raised by appellant concerning the vacation of the decree will not be irreparably lost if review is postponed until entry of the final divorce decree. The order vacating the divorce decree thus does not meet the definitional test of a collateral order.

However, appellant also challenges the trial court's denial of his request for a stay of the hearing. This part of the trial court's order involves an issue which is clearly separable from and collateral to the main cause of action. With regard to the second element, appellant's claim implicates his due process right to be heard in opposition to the petition. The trial court's denial of a fundamental right of this nature is a matter which is certainly too important to be denied review. The first and second prongs are thus arguably satisfied.

Nevertheless, all three factors must be met in order to qualify for the exception contained in Rule 313. *See Fried v. Fried*, 509 Pa. at 94–95, 501 A.2d at 214 (applying three part-test set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) to determine whether order is appealable under collateral order exception; further holding that all three factors must be met to qualify for the *Cohen* exception); Note to Rule 313 (providing that Rule 313 represents a codification of existing caselaw, *i.e.*, *Cohen* and its Pennsylvania progeny). In this instance, appel-

lant's right to be heard will not be irreparably lost if review is delayed since he can challenge the trial court's alleged abridgement of his rights and its effect on the proceedings in any subsequent appeal. Because the third requisite has not been established, that part of the order denying appellant's request for a stay is not appealable under Rule 313.

■   Since the order in question is neither a final order nor an interlocutory order which is appealable as of right, and because appellant did not otherwise obtain permission to appeal in accordance with the procedures set forth in 42 Pa.C.S.A. § 702(b) and Pa.R.A.P., Rules 312 and 1301–1323, 42 Pa.C.S.A. (governing appeals from interlocutory orders by permission), there is no basis upon which this court may assert jurisdiction in this matter. Lacking jurisdiction, we are compelled to quash the appeal.[2] *See Fried v. Fried,* 509 Pa. at 97, 501 A.2d at 216 (quashing an appeal from an interlocutory and unappealable order).

Appeal quashed.

**2.** In view of our disposition, we express no opinion on the merits of appellant's claims. However, we caution the trial court that pursuant to the 1991 amendments to the SSCRA, the decision to grant or deny a stay of proceedings is now mandatory rather than discretionary. *See* 105 Stat. 37, P.L. 101–12, § 6 (approved March 18, 1991), *codified at* 50 Appendix U.S.C.A. § 521(a) (in any judicial action or proceeding (other than a criminal proceeding) in which a member of the Armed Forces described in subsection (b) is involved (either as a plaintiff or defendant), the court shall, upon application by such member (or some other person on the member's behalf) at any stage before final judgment is entered, stay the action or proceeding until a date after June 30, 1991).