J-S22003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LESLIE I. KESSLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KURT M. KESSLER, | |
| Appellant | No. 1581 MDA 2016 |

Appeal from the Order Entered August 25, 2016
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-11-01958

BEFORE:  SHOGAN, MOULTON, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED AUGUST 07, 2017**

Appellant, Kurt M. Kessler ("Husband") appeals from the order entered on August 25, 2016, granting the Second Petition to Enforce Divorce Decree filed by Appellee, Leslie Kessler ("Wife").  We affirm.

The trial court set forth the prior history of this case as follows:

The parties were married on September 6, 1992 and separated in October of 2010. In the Master's Report filed on December 31, 2014, the Divorce Master valued the parties' marital estate at $533,888.64.  The Divorce Master determined that [Wife] was to be awarded sixty (60%) percent of the marital estate or $321,459.87 and [Husband] was to be awarded forty (40%) of the marital estate or $212,428.77.  Id.  Included in the list of marital items to be distributed were, *inter alia*, four (4) Timeshare properties; Disney Beach Club, Disney Boardwalk, Marriott Orlando, and Marriott Hawaii, which were to be sold and divided by the Divorce Master with sixty (60%) percent of the

_____

[*]  Retired Senior Judge assigned to the Superior Court.

proceeds to be awarded to [Wife] and forty (40%) of the proceeds to be awarded to [Husband]. Id. A Divorce Decree was filed on January 30, 2015, which approved the Master's Report.

Upon consideration of [Wife's] [First] Petition to Enforce Divorce Decree filed on March 31, 2015, the court issued an Order dated July 31, 2015 Order, which was entered on August 14, 2015, that [Wife] was to receive one-hundred (100%) percent of the Disney Beach Club timeshare; that [Husband] could retain sole ownership of the Disney Boardwalk timeshare and pay [Wife] $12,000.00 to compensate her for her share of this timeshare as awarded by the Decree; that there would be no action with regard to the Marriott Orlando timeshare inasmuch as it was foreclosed upon; and, that [Wife] was to receive sixty (60%) percent of the proceeds from the sale of the Marriott Hawaii timeshare. [Husband did not appeal.]

Trial Court Opinion, 11/22/16, at 3 (citations omitted).

On June 20, 2016, Wife filed her Second Petition to Enforce the Divorce Decree, seeking, *inter alia*, an order directing Husband to pay the money due to Wife for the Disney Boardwalk timeshare as per the August 14, 2015 Order. Wife's Second Petition to Enforce Decree, 6/20/16, at ¶¶ 11–17. Husband filed his answer on June 20, 2016, asserting that, based on his calculations, Wife had already been compensated for her interest in the timeshares. Husband's Answer to Second Petition to Enforce Divorce Decree, 6/20/16, at ¶ 13. Following an evidentiary hearing, the court ordered Husband, *inter alia*, to pay the outstanding amount owed to Wife for the Disney Boardwalk timeshare ($10,686.00). Order, 8/25/16, at ¶ 6. Husband timely appealed from the August 25, 2016 Order.

Husband raises the following issue on appeal:

1. Did the Trial Court err in finding [Husband] owed [Wife] the additional sum of $10,686.00 for her share of two Disney timeshares, when:

a. The evidence of record, produced at hearings, clearly illustrated [Husband] had compensated [Wife] for her share of the timeshares pursuant to the Master's Report filed on December 31, 2014 and incorporated into the Divorce Decree entered and filed on January 30, 2015;

b. The Divorce Decree entered and filed on January 30, 2015, was never modified by the Court, or by any agreement of the parties, so as to change the amount [Husband] owed to [Wife] for the two timeshares;

c. The imposition of additional funds payable by [Husband] to [Wife], resulted in her receiving far more than the 60% share of the marital estate awarded to her under the Divorce Decree entered and filed on January 30, 2015 and that was never amended by the Court or by the parties;

d. The Court did not utilize its broad equitable powers, pursuant to 23 Pa.C.S.A. § 3101, which states the legislature's intent and objectives, which include effectuating economic justice between the parties and insuring a fair and just settlement of the parties' property rights and per 23 Pa.C.S.A. §3323(f), due to the interpretation of the Court, relative to the amount owed to [Wife] for her share of the timeshare proceeds, in excess of what [Husband] was ordered to pay pursuant to the divorce decree.

Husband's Brief at 6–7.

"Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow

proper legal procedure." ***Balicki v. Balicki***, 4 A.3d 654, 663 (Pa. Super. 2010) (quoting ***Smith v. Smith***, 904 A.2d 15, 19 (Pa. Super. 2006) (internal quotations omitted)). We will not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. ***Balicki***, 4 A.3d at 663.

Husband asserts that he is due relief because the trial court erred when it awarded Wife $12,000.00 for a Disney Boardwalk Timeshare, based upon its interpretation of the August 14, 2015 order ("August 2015 Order") in its August 25, 2016 order. Husband's Brief at 13. Turning to the August 25, 2016 Order ("August 2016 Order"), the trial court directed, "[Husband] shall pay to [Wife] the sum of $10,686.00 ($12,000.00 — $1,314.00 already paid) within thirty (30) days of date of this Order, so as to strictly comply with paragraph 6.b. of the [August 2015 Order] of Court regarding the Disney Boardwalk timeshare property."[1] August 2016 Order at ¶ 6. Husband does not argue that the trial court abused its discretion when it ordered him to comply with the August 2015 Order. Instead, he argues that the August 2015 Order was not an amendment of the divorce decree and that economic justice is not served by requiring Husband to pay

_____

[1] Paragraph 6.b. of the August 2015 Order states, "[Husband] may retain sole ownership of this timeshare. Within sixty (60) days from the date of this order, [Husband] shall pay [Wife] $12,000 to compensate her for her share of this timeshare as awarded by the Decree." August 2015 Order at ¶ 6.b.

Wife an additional $12,000.00. Husband's Brief at 16–21. Indeed, Husband's brief is devoid of any discussion or argument of how the August 2016 Order requiring Husband to comply with the August 2015 Order constitutes an abuse of discretion and we find the issue waived for that reason. **See Glynn v. Glynn**, 789 A.2d 242, 250 (Pa. Super. 2001) (finding waiver where appellant failed to include discussion or authority supporting claim in his brief).

Additionally, although Husband purports to appeal from the August 2016 Order, he argues the trial court erred when it ordered him to pay Wife additional funds as required by the August 2015 Order. Husband's Brief at 16-21. To the extent Husband believed the trial court's August 2015 Order was a mistake or an improper amendment of the divorce decree, Husband failed to appeal the August 2015 Order for over one year; thus his appeal on those grounds is untimely. **See Costlow v. Costlow**, 914 A.2d 440, 442 (Pa. Super. 2006) (finding husband's appeal untimely where he failed to file his appeal within the thirty day period after the award of alimony pendente lite was ripe for appeal). The trial court stated as much in its Pa.R.A.P. 1925(a) Opinion: "while there may have been merit to Husband's argument at an earlier stage in these proceedings . . . Husband is now improperly attempting to litigate concerns he had with the [August 2015 Order]. . ." Trial Court Opinion, 11/22/16, at 8. Further, as the trial court properly noted, the August 2016 Order required the parties to comply with paragraph

6.b. of the August 2015 Order; the trial court did not undertake any additional analysis or create any new obligations for the parties. *Id*. at 10.

It is our conclusion that the August 2015 Order ended the litigation at issue and put the parties out of court, save an insular issue relating to the amount of counsel fees to which Wife was entitled.[2] August 2015 Order at ¶ 8. The trial court's August 2015 Order addressed and disposed of each of the issues in Wife's First Petition to Enforce the Divorce Decree. Because Husband purports to appeal from the August 2016 Order but discusses the alleged errors from the August 2015 Order, Husband is attempting to circumvent the Pennsylvania Rules of Appellate Procedure by repackaging an untimely appeal of the August 2015 Order into an appeal from the August 2016 Order. If Husband attempted to appeal the August 2015 Order at this juncture, this Court would not have jurisdiction because the appeal would be untimely. Thus, Husband's arguments based on an alleged error in the August 2015 Order are untimely and are waived on appeal. *See Brown*

---

[2] The August 2015 Order awarded counsel fees to Wife, but requested additional information regarding fees and hours spent. Specifically, the trial court gave Wife thirty days in which to supplement the record with the fees incurred relating to her Petition to Enforce and the sales discussed above, including both billable hours spent and counsels' hourly rate. Wife complied, and the trial court's September 3, 2015 order awarded Wife $3,557.00 in counsel fees. Assuming that the August 2015 Order was not a final order because the issue of the amount of counsel feels was outstanding, the trial court's September 3, 2015 Order completely put Husband out of court and constituted a final order. Thus, even if the August 2015 Order was not final until September 3, 2015, Husband's appeal is patently untimely.

*v. Brown*, 641 A.2d 610, 611 (Pa. Super. 1994) (finding the wife's October 15, 1993 appeal of the trial court's June 25, 1993 order denying the wife's petition to vacate and nullify post-nuptial agreement was untimely because a June order was a final order and the appeal lay with the June order, and not any other, later filed, post-trial motions).

For all of the foregoing reasons, we conclude that Husband is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/7/2017