J-S50012-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| ANDREW M. BELANSKY, TRUSTEE, ON BEHALF OF THE ANDREW M. BELANSKY AND PATRICIA E. BELANSKY REVOCABLE TRUST AGREEMENT | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 22 WDA 2019 |
| WALTER ZABELSKI AND PATRICIA GLADOWSKI | : : : | |
| Appellants | : | |

Appeal from the Judgment Entered December 4, 2018
In the Court of Common Pleas of Venango County Civil Division at No(s):
C.D. No. 809-2015

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    FILED NOVEMBER 15, 2019

Walter Zabelski and Patricia Gladowski (collectively Appellants) appeal
from the judgment, entered in the Court of Common Pleas of Venango County,
following a non-jury trial in which the court found in favor Andrew M. Belansky,
Trustee on behalf of the Andrew M. Belansky and Patricia E. Belansky
Revocable Trust Agreement, by shifting a disputed property line five feet in
Belansky's favor based on the doctrine of consentable lines.   After careful
review, we quash.

————————————————————————

[*] Retired Senior Judge assigned to the Superior Court.

The instant dispute concerns members of the extended Belansky family.[1]  In 1957, Aurel Belansky purchased a quarter-acre plot (the Belansky property) with fifty feet of riverfront access along the Allegheny River.  The Belansky property was directly south of, and adjacent to, a similarly-sized riverfront property (the Zabel property) owned by Aurel's brother-in-law, Walter Zabel.[2]  In 1958, the Belansky brothers built a cabin on the Belansky property.  In the 1960s, Aurel bought a boat and decided to build a boat ramp on the Belansky property.  The Belansky brothers believed a row of hedges marked the southern boundary of their property.  They used those hedges as the starting point from which they measured forty-five feet north, demarcating a five-foot strip on which they constructed a path and boat ramp, believing both to be entirely south of the Zabel property line.

From that time, the Belanksy brothers used the path to park, and the ramp to fish and launch boats.  Zableski also used the ramp as he pleased.  Belansky maintained the yard up to the edge of the ramp and along the path to the river.  The parties came into conflict after Belansky hired Gary Stover

_____

[1] The Belansky family includes Belansky, his four brothers, Aurel, Michael, Thomas, and Vincent, and his sister, Ella.  Ella is the mother of Walter Zabelski and Patricia Gladowski, the Appellants herein.

[2] Walter Zabel later changed his last name to Zabelski.

to survey the properties in 2015.[3]  The survey showed the path and ramp line properly actually lay on the Zabel property.

On June 30, 2015, Belanksy filed the instant action, asserting a right to the boat launch based on various causes of action.  On March 24, 2017, the Honorable Robert L. Boyer presided over a non-jury trial in which the court heard testimony from Belansky, the Appellants, and Gladowski's husband.  On September 12, 2017, the court issued findings of fact and a corresponding order awarding Belansky "a portion of the Appellants' property that runs five (5) feet north from the survey of the [Belansky's] property" under the doctrine of consentable lines.  Order, 9/12/17, at 1.  On September 15, 2017, the prothonotary docketed court's findings and corresponding order.  The same day, the prothonotary provided notice of the order to the Appellants.  The prothonotary, however, did so by facsimile without first having received a written request for notice by facsimile or a legal filing listing a facsimile

_____

[3] The instant action is not the first time the parties have sought the court's intervention vis-à-vis these properties.  In 2008, Belansky owned three-quarters of the Belansky property and Zabelski owned the remaining quarter. Additionally, Belansky owned one-third of the Zabel property, and the Appellants owned the remaining two thirds.  A partition action ensued, resulting in Belansky transferring his one-third interest in the Zabel property to the Appellants and Zabelski transferring his one-quarter interest in the Belansky property to Belansky.

address, technically rendering the notice non-compliant under Pa.R.C.P 236(d).[4]

The Appellants subsequently filed a notice of appeal from the trial court's September 12, 2017 order on October 6, 2017. Seventeen days later, on October 23, 2017, the appellants filed post-trial motions. On November 14, 2017, the trial court issued an opinion stating, inter alia, that the Appellants' notice of appeal deprived the court of jurisdiction to rule on the outstanding post-trial motions.[5] This Court, sua sponte, quashed the appeal as interlocutory, as judgment had not been entered. Belansky v. Zabelski, 1462 WDA 2017 (Pa. Super. filed June 6, 2018) (unpublished memorandum). This Court recommended the Appellants seek relief by requesting the trial court's permission to file post-trial motions nunc pro tunc. Id. at 6–7 n.5

_____

[4] A previous panel of this Court stated the notice provided by facsimile "was not in technical compliance with [Rule] 236." Belansky v. Zabelski, 1462 WDA 2017 at 5 n.4 (Pa. Super. filed June 6, 2018) (unpublished memorandum); see also Pa.R.C.P. 236(d) ("The prothonotary may give the notice required . . . by facsimile transmission . . . if . . . the party's attorney has filed a written request for such method of notification or has included a facsimile . . . address on a prior legal paper filed in the action.").

[5] The trial court stated it was deprived of jurisdiction pursuant to Pa.R.A.P. 1701(a), which provides, "after an appeal is taken . . . the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a). A prior panel of this Court noted, though the trial court's conclusion was correct, it was within the trial court's discretion to rule on the Appellees' post-trial motions, as "Pa.R.A.P. 1701(b)(6) permit[ted the] trial court to '[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal.'" Belansky v. Zabelski, 1462 WDA 2017, at 6 (Pa. Super. June 6, 2018) (unpublished memorandum) (quoting Pa.R.A.P. 1701(b)(6)).

(citing Lenhart v. Cigna Companies, 824 A.2d 1193, 1198 (Pa. Super. 2003) ("[T]he decision to allow the filing of post-trial motions nunc pro tunc is vested in the sound discretion of the trial court.").

On July 23, 2018, the Appellants filed a motion requesting the trial court "reconsider the previously filed [m]otion for [p]ost-[trial] [r]elief . . . or otherwise permit [their substantively identical] [m]otion for [p]ost-[t]rial [r]elief—[n]unc [p]ro [t]unc." Motion, 7/23/18, at 2 n.1. In a single order on December 4, 2018, the trial court denied the Appellants' motion to file post-trial motions nunc pro tunc and directed the prothonotary to enter judgment in favor of Belansky. Order, 12/4/18, at 1. Pursuant to Pa.R.C.P. 236, the prothonotary sent written notice of entry of judgment to the Appellants. The prothonotary's written notice, however, informed the Appellants only of the entry of judgement and did not mention the court's order denying nunc pro tunc relief. See Notice, 12/4/19, at 1 ("You are hereby notified that a judgment in the amount of [blank space] has been entered against you on December 4[,] 2018[,] in the Court of Common Pleas of Venango County[.]")

The Appellants filed the instant notice of appeal on January 2, 2019. Both Appellants and the court below complied with Pa.R.A.P. 1925. The Appellants present the following issues for our review:

1)  Whether the trial court committed an error of law and abused its discretion in finding a consentable line?

2)  Whether the trial court abused its discretion in shifting the burden of proof to the Appellants as to ownership title of the disputed area?

3)      Whether the trial court abused its discretion in weighing the evidence as to the meaning of the familial interaction v[ersus] acquiescence regarding the disputed area?

Brief of Appellants, at 5.

Before examining Appellants' claims, we must first determine whether the orders from which they appeal are final.  See Flowers v. Flowers, 612 A.2d 1064, 1065 (Pa. Super. 1992) ("[W]e must first determine whether appellant has filed a timely appeal from a final order.  These questions are jurisdictional and may be raised sua sponte by an appellate court.").

Our Supreme Court previously examined the crucial role of Pa.R.C.P. 236 notice in the context of Pa.R.A.P. 301(a) and Pa.R.A.P. 108(b), stating as follows:

> Rule of Appellate Procedure 301(a) provides that "[n]o order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court."  Further, Rule of Appellate Procedure 108(b) designates the entry of an order, for the purposes of appeal, as follows:
>
>> (b) Civil orders. The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).
>
> As . . . noted, Rule of Civil Procedure 236(b) describes the prothonotary's obligation to "note in the docket the giving of notice and, when a judgment by confession is entered, the mailing of the required notice and documents."
>
> Thus, pursuant to the express terms of the rules, an order is not appealable until it is entered on the docket with the required notation that appropriate notice is given.  That the parties may

> have received notice of the order does not alter the formal date of its entry and the associated commencement of the period allowed for appeal for purposes of the rules.

*Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) (emphasis added) (citations omitted); *see In re L.M.*, 923 A.2d 505, 509 (Pa. Super. 2007) ("Where there is no indication on the docket that Rule 236(b) notice has been given, then the appeal period has not started to run. Our Supreme Court has expressly held that this is a bright-line rule, to be interpreted strictly."); *see also* Pa.R.C.P. 236(a)(2) ("The prothonotary shall immediately give written notice of the entry of . . . any other order or judgment to each party's attorney of record[.]") (emphasis added).

In accordance with Pa.R.A.P. 2115(a), the Appellants list two orders from which they appeal: first, the court's December 4, 2018 order denying their motion for post-trial relief nunc pro tunc and entering judgment in favor of Belansky; and second, the court's September 12, 2017 order awarding the disputed portion of property to Belansky by consentable line. Brief of Appellant, at 2. The prothonotary, however, has yet to send or docket sending written notice remedying the deficiencies in notice provided regarding the court's September 12, 2017 order.[6] *See* Pa.R.C.P. 236(a)(2), (d) (requiring written notice in absence of party's filing containing "facsimile or other electronic address on prior legal paper filed in the action" or written request

_____

[6] *See supra* at n.4 (summarizing previous panel's ruling)

- 7 -

for such notice). Moreover, although the prothonotary provided notice of the court's December 4, 2018 order entering judgment, that notice, as previously stated, fails to reference either the actual judgment entered or the order denying nunc pro tunc relief with respect to post-trial motions. See Notice, 12/4/19, at 1 ("You are hereby notified that a judgment in the amount of [blank space[7]] has been entered against you on December 4[,] 2018[,] in the Court of Common Pleas of Venango County[.]"). Consequently, neither order is final or appealable. See Frazier, supra at 115 ("[P]ursuant to the express terms of the rules, an order is not appealable until it is entered on the docket with the required notation that appropriate notice is given.") (emphasis added). We direct the prothonotary to correct these errors by performing the following actions: 1) provide written notice to the parties of the court's September 12, 2017 order; 2) provide written notice of the court's December 4, 2018 order, revised to reflect the actual judgment entered; and 3) docket the fact that appropriate written notice has been provided.

Appeal quashed.[8]

_____

[7] There is no actual amount of judgment entered here, only a blank field that was never filled out. Notice, 12/4/19, at 1. Moreover, the judgment rendered by the court was quantified in terms of distance and direction, not dollars.

[8] We limit our decision to quash the instant appeal to the facts of this case. While this Court has previously overlooked the absence of Rule 236 notice, it has never done so under circumstances where ignoring the prothonotary's errors would fatally undermine an appellant's claim. See In the Interest of R.W., 169 A.3d 129, 130 (Pa. Super. 2017) (overlooking absence of Rule 236

_____

notice and addressing appeal on merits); see also Vertical Resources, Inc. v. Bramlett, 837 A.2d 1193, 1199 (Pa. Super. 2003) (same).

In spite of the fact that approximately two years have passed since the court entered the order from which the Appellants intended to appeal, the ten-day time period for post-trial motions remains open, as notice of the entry of that order has never been properly provided; ergo, proper notice has never been docketed. See Agostinelli v. Edwards, 98 A.3d 695, 703 (Pa. Super. 2014) ("[Pa.R.C.P.] 227.1 requires parties to file post-trial motions within 10 days of the filing of the decision in the case of a trial without jury. The date of filing is the date the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).") (citations and quotations omitted). Consequently, should Appellants still wish to file post-trial motions and a subsequent notice of appeal, such filings would be timely. See Carr v. Downing, 565 A.22d 181, 181 (Pa. Super. 1989) (stating ten-day period for filing post-trial motions commences after notice has been provided according to Rule 236); see also In re Estate of Karshner, 919 A.2d 252, 255 (Pa. Super. 2007) ("Even where the prothonotary does notify the parties of an order, the thirty-day appeal period begins only after that notification has been marked on the docket sheet by corrective entry.").

We feel obligated to note, save for the prothonotary's clerical errors, the sloppiness with which the Appellants pursued their appeal would have resulted in waiver of any and all claims, not only because they failed to properly file post-trial motions before divesting the trial court of jurisdiction, but because they failed to include any argument whatsoever concerning the trial court's denial of nunc pro tunc relief. See Lehnhart v. Cigna Companies, Inc., 824 A.2d 1193, 1196 (Pa. Super. 2003) ("[T]here is no excuse for . . . failure to file post-trial motions as required by our procedural rules. The grant of nunc pro tunc relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights."); see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 224 (Pa. Super. 2014) ("Any issues not raised in a [Rule] 1925(b) statement will be deemed waived."). We further express our displeasure at the waste inherent in having to quash this matter for a second time, only to allow uncle, niece, and nephew to continue their contest regarding a formerly shared boat launch.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/15/2019