J-A16023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALAN B. ZIEGLER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| COMCAST CORPORATION D/B/A COMCAST BUSINESS | |
| Appellee | No. 2073 MDA 2019 |

Appeal from the Order Dated November 18, 2019
In the Court of Common Pleas of Berks County
Civil Division at No: 18-00353

BEFORE: PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                                    **FILED APRIL 7, 2021**

Appellant, Alan B. Ziegler, appeals from the November 18, 2019 order sustaining in part the preliminary objections of Appellee, Comcast Corporation d/b/a Comcast Business. We quash.

The trial court recited the pertinent facts and procedural history:

[Appellant] alleged that in July 2017, he began negotiating with a business account executive of [Appellee] to switch his telephone and internet service to [Appellee] from another provider. During negotiations, [Appellant] insisted that the sales tax and other fees be included in the negotiated sum for telephone and internet services to establish a monthly amount certain on the billing of his account. [Appellant] alleged that the account executive estimated the sales taxes and other fees to be approximately ten percent of the contract price. [Appellant] claimed that on July 24, 2017, [Appellee] sent [Appellant] a writing confirming the monthly charges were $204.65 (which amount [Appellant] insists included taxes and fees), plus a one-time installation charge of $119.80. However, [Appellant's] Exhibit "A" to the Complaint contradicts [Appellant's] claim. The

exhibit shows what is described as "Estimated Monthly Recurring Charges" of $204.65. In fact, the next sentence clearly states, "Estimated monthly recurring charges may not reflect all applicable discounts. *Excludes equipment and usage-based fees, taxes, and surcharges.*"

Starting in October 2017 [Appellee] billed [Appellant] $204.65 plus taxes and fees. This continued until June of 2018[.] [Appellant] paid only the estimated monthly charges and not the applicable taxes and fees. On April 6, 2018, [Appellee] shut off [Appellant's] services because the bills were not being paid in full. [Appellant] made his regular $204.65 monthly payment and the services were restored. [Appellant's] services were shut off again on April 11, 2018 and [Appellant] filed an emergency injunction requesting that [Appellee] be ordered to turn on and leave on [Appellant's] services pending further order of court. The injunction was granted on April 11, 2018. On June 18, 2018, [Appellant] filed a complaint against [Appellee] demanding damages "in excess of $50,000." The complaint asserts three causes of action: at count 1, breach of contract; at count II, fraud; and count III, negligent misrepresentation. Although [Appellant's] demand is "in excess of $50,000," the actual amount in controversy is $445.65 as calculated and itemized at paragraph 7 of [Appellee's] preliminary objections to [Appellant's] complaint.

[Appellee] raised three preliminary objections seeking: 1) to enforce a contractual arbitration clause, arguing that small claims are excluded from the arbitration provision and unless [Appellant's] claims were determined by this court to be within the jurisdiction of small claims courts and referred to a magisterial district justice, the matter must be referred to contractually mandated AAA arbitration; 2) dismissal of the fraud and negligent misrepresentation claims because, [Appellee] argued, pursuant to the gist of the action doctrine, [Appellant] is prohibited from pleading tort claims for fraud and negligent misrepresentation because he attached a copy of a contract to the complaint to support his claim under a theory of breach of contract; and 3) dismissal of [Appellant's] breach of contract claim because [Appellant's] allegation that taxes and fees in addition to the contract amount constituted breach is contradicted by [Appellant's] own Exhibit "A" to the complaint which exhibit comprises the contract and incudes language clearly and inarguably excepting taxes and fees from the contract amount.

Trial Court Opinion, 10/3/18, at 1-3.

On August 6, 2018, the trial court sustained Appellee's preliminary objections to Appellant's fraud and negligent misrepresentation causes of action and overruled the objection to the breach of contract claim. The court dismissed Appellant's complaint without prejudice to refile it before a magisterial district judge, given that the amount in controversy was $445.65.[1] Appellant filed a timely appeal from the August 6, 2018 order. On March 27, 2019, this Court quashed, concluding that the order was interlocutory because it did not dispose of all claims and parties. *Zeigler v. Comcast Commc'ns*, 1431 MDA 2018 (Pa. Super. 2019) (unpublished memorandum)*.* On November 4, 2019, Appellee filed a motion in the trial court requesting reconsideration of a prior order forbidding Appellee to terminate Appellant's services. On November 18, 2019, the trial court entered an order permitting Appellee to terminate services unless Appellant filed a complaint before the magisterial district judge within thirty days. Appellant filed a motion for reconsideration on December 2, 2019. The trial court denied reconsideration on December 17, 2019, and Appellant filed this appeal the same day.

---

[1] The parties' contract requires arbitration of any claim arising thereunder unless the amount in dispute falls within the jurisdiction of a magisterial district judge. The trial court's directive to proceed before a magisterial district judge came in response to Appellee's preliminary objection seeking to enforce an arbitration agreement as per Pa.R.C.P. No. 1028(a)(6).

Appellant raises seven issues for our review, including his argument that he has appealed from a final order. We will confine our analysis to the finality of the trial court's order, as we find that issue dispositive. An appeal to this Court lies only from a final order, unless otherwise provided by rule or statute. *Puricelli v. Puricelli*, 667 A.2d 410, 412 (Pa. Super. 1995). If the order before us is not final and appealable, we lack jurisdiction. *Id.* A final order is one that disposes of all claims and parties. Pa.R.A.P. 341(b)(1). For example, a final order is one that dismisses a complaint in full and with prejudice. *Meir v. Stewart*, 683 A.2d 930 (Pa. Super. 1996).

As we explained, the order on appeal was nothing more than a minor revision of a prior order, entered June 20, 2018, which forbade Appellee to terminate Appellant's services during the pendency of this litigation. The order on appeal permitted Appellee to terminate Appellant's services unless Appellant filed a complaint before the magisterial district judge within thirty days. Instead, Appellant filed this appeal.

In essence, the procedural posture of this case remains unchanged since the prior appeal. Appellant's tort claims have been dismissed, and his breach of contract claim has been dismissed without prejudice to file it before a magisterial district judge, as per the August 7, 2018 order from which Appellant previously appealed. Appellant never attempted to amend his complaint, and therefore Appellee filed no new preliminary objections. The prior panel of this Court held that no final appealable order existed where the

- 4 -

trial court dismissed Appellant's complaint without prejudice to refile his claim before a magisterial district judge. *Zeigler*, 1431 MDA 2018. That holding is the law of this case, and it is controlling here. *See Melley v. Pioneer Bank, N.A.*, 834 A.2d 1191, 1204 (Pa. Super. 2003) (noting that law of the case doctrine provides that "a court involved in later phases of a litigated matter should not reopen questions decided by another judge of the same court or by a higher court in earlier phases"), *appeal denied*, 847 A.2d 1287 (Pa. 2004).

Appellant counters that he cannot file a declaratory judgment action in magisterial district court because a magisterial district court is not a court of record. Appellant's Brief at 11, 16. Whatever the merit of this assertion, it does not render the order before us final and appealable. Appellant's complaint did not seek declaratory relief; his causes of action sounded in breach of contract and tort and he sought money damages. The trial court has not dismissed all causes of action with prejudice, nor has Appellant filed a *praecipe* to dismiss his complaint with prejudice, as the prior panel of this Court suggested he might. *Zeigler*, 1431 MDA 2018, (unpublished memorandum at 5). Thus, we once again must quash Appellant's appeal.

Appellee, in its brief, has requested counsel fees pursuant to Pa.R.A.P 2744. That Rule permits this Court to award reasonable counsel fees if we determine that "an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory,

obdurate, or vexatious." Pa.R.A.P. 2744. An appeal is frivolous if it lacks any basis in law or fact. *Gargano v. Terminix Int'l Co., L.P.*, 784 A.2d 188, 195 (Pa. Super. 2001). If this Court concludes that this standard is met, we return the case to the trial court for computation of an appropriate award of counsel fees. *Mellon Bank, N.A. v. Durzinsky*, 800 A.2d 955, 958 (Pa. Super. 2002).

As we have explained, Appellant has filed a second appeal from a case that remains in the same procedural posture that led this court to quash his prior appeal. This appeal clearly has no basis in law or fact, and we can only conclude that Appellant sought to delay these proceedings by appealing to this court rather than proceeding as directed by the trial court or seeking to have this action dismissed with prejudice. Appellant has thus prolonged the efficacy of an order preventing Appellee from terminating his services. We observe, also, that some of Appellant's arguments are disingenuous. Appellant claims he cannot proceed before a magistrate because declaratory relief is unavailable there. In support of that argument, he concedes that he "has no cause of action for breach of contract." Appellant's Brief at 16. On the next page, he begins his merits analysis with an argument that the trial court erred in dismissing his validly pled breach of contract claim. *Id.* at 17. Given the foregoing, we direct the trial court to award Appellee counsel fees reasonably incurred in connection with this appeal.

Appeal quashed.  Case remanded for entry of an award of counsel fees in favor of Appellee.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/07/2021