J-S34030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANDELL A. SUMMERS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS A. HAMILTON | : | |
| | : | |
| Appellant | : | No. 112 MDA 2025 |

Appeal from the Decree Entered December 5, 2023
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-23-06227

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:               **FILED: DECEMBER 19, 2025**

Thomas A. Hamilton ("Hamilton") appeals *pro se* from the divorce decree entered without a hearing upon the complaint and praecipe to transmit the record filed by Shandell A. Summers ("Summers").  Hamilton contends that a breakdown in the operation of the court excused the untimely filing of his notice of appeal and that the trial court violated his due process rights when issuing the decree without a hearing.  We decline to quash this appeal but, because the record does not establish Hamilton preserved his right to contest economic issues, we affirm.

The factual and procedural history of this case is as follows.  Hamilton and Summers were married in 2016.  At all times relevant to this appeal, Hamilton was in the custody of the Pennsylvania Department of Corrections ("DOC") and imprisoned at state correctional institutions.  Summers filed her complaint in divorce in September 2023, asserting, *inter alia*, the marriage to

Hamilton was irretrievably broken, **see** 23 Pa.C.S.A. § 3301(d), and she attached an affidavit that she and Hamilton lived separate and apart for at least one year.[1]  **See** Complaint, 9/17/23; Affidavit, 9/7/23.  Later that month, Summers's counsel filed an affidavit confirming Hamilton's receipt of the complaint via mail on September 20, 2023 and in October 2023, Hamilton filed a *pro se* acceptance of service with a notation that he would obtain an attorney.

On October 26, 2023, and November 21, 2023, respectively, Summers filed a notice of intention to file a praecipe to transmit record and a praecipe to transmit record seeking the entry of a divorce decree.  **See** Pa.R.Civ.P. 1920.42, 1920.73.  Neither the docket nor the certified record suggests that the trial court received a counter-affidavit or any pleading from Hamilton.

On December 4, 2023, the trial court issued a divorce decree.  The trial court's prothonotary attempted to serve Hamilton with the decree on December 6, 2023, but the mailing returned to the court with a notation that it did not comply with DOC policy.  That same day, December 6th, an attorney entered an appearance on behalf of Hamilton.  There is no indication the prothonotary attempted to serve Hamilton or the attorney with the decree after its first attempt at service failed.  Aside from entering an appearance,

---

[1] The record does not include a blank counter-affidavit filed by Summers, and it is unclear whether Summers served a blank counter-affidavit as required under Pa.R.Civ.P. 1920.42(c)(1)(iii).  However, Hamilton does not argue this point.

and, later, withdrawing that appearance, Hamilton's attorney took no effort to represent Hamilton.

More than one year later, on January 21, 2025, the trial court received Hamilton's *pro se* notice of appeal *nunc pro tunc*. The trial court ordered Hamilton to submit a Pa.R.A.P. 1925(b) statement, and Hamilton, still acting *pro se*, timely complied. The attorney who had entered his appearance then filed a motion to withdraw, but the trial court did not expressly grant the attorney leave to withdraw. The trial court filed a Rule 1925(a) opinion wherein it concluded that Hamilton's appeal should be quashed based on his facially untimely notice of appeal or "dismissed" because "he never memorialized" his dispute to the entry of the divorce decree. Trial Court Opinion, 3/21/25, at 3.

Hamilton's attorney subsequently filed a motion to withdraw in this Court, which this Court granted. This Court issued a rule to show cause why this appeal should not be quashed, and Hamilton responded. This Court discharged the rule without rendering a final determination on the propriety of the appeal.

Hamilton raises the following issue for our review:

> Was [Hamilton] denied his constitution[al] right to due process of the law given [Summers's] request for divorce was granted without first conducting a hearing related to matters that were contested by [Hamilton?]

Hamilton's Brief at 4.

We must first address the trial court's conclusion that this appeal should be quashed. ***See Flowers v. Flowers***, 612 A.2d 1064, 1065 (Pa. Super. 1992) (noting that the question of whether an appellant timely appealed is jurisdictional). In response to this Court's rule to show cause, Hamilton asserted that he did not receive a copy of the divorce decree, and despite being counseled as of December 6, 2023, neither he nor his attorney were aware that a decree had issued. ***See*** Response to Rule Show Cause, 3/14/25, at 1-2. Hamilton contends that it was not until November 19, 2024, that the trial court's prothonotary sent him a copy of the decree, which he received on November 21, 2024. ***See id***. at 2-3. Hamilton asserts that he thereafter deposited his *pro se* notice of appeal *nunc pro tunc* with prison officials on December 19, 2024, within thirty days of receiving notice of the decree. ***See id***. at 3.

Following our review of the record, Hamilton's response to the rule to show cause, and the materials attached to that response, we conclude there was a breakdown in the operation of the courts. When the trial court issued the divorce decree, Hamilton was *pro se*, and the prothonotary's initial attempt to serve him with the decree by mail was unsuccessful. The record contains the prothonotary's envelope addressed to Hamilton which was stamped return to sender because it did not follow DOC mail policy. There are no notations that the prothonotary attempted to re-serve either Hamilton or his attorney, who, by that time, had entered an appearance. Absent a proper indication of service of the order being appealed, this Court will not quash. In this case,

- 4 -

because there are sufficient indicia that Hamilton filed his *pro se* notice of appeal within thirty days of the actual service of the order, we decline to quash this appeal. **Cf**. **Strausser v. Strausser**, 226 A.3d 654, 2020 WL 1930196 (Pa. Super. 2020) (unpublished non-precedential decision at *1) (concluding that an appellant's notice of appeal was timely filed from a docket entry indicating the trial court's prothonotary "re[-]sent" notice of a divorce decree after the initial attempt at service was returned to sender); **see also** Pa.R.A.P. 126(b).

Turning to the merits of Hamilton's appeal, we note his intended claim that the trial court deprived him of due process rests on his belief that he filed a counter-affidavit and preserved his right to a hearing on economic issues. **See** Hamilton's Brief at 4.[2]  In support, he attaches to his appellate brief a copy of a counter-affidavit and a prison slip indicating his attempt to mail the counter-affidavit on November 12, 2023.  However, Hamilton does not allege that he attempted to file a responsive pleading preserving an economic claim.

Thus, the record does not substantiate Hamilton's belief that he preserved an economic issue requiring a hearing before the entry of the divorce decree. **Cf**. **Rosselli v. Rosselli**, 750 A.2d 355, 359 (Pa. Super. 2000) (noting that "[f]or purposes of appellate review, what is not of record

_____

[2] Our standard of review when considering a divorce action is well settled: this Court has the responsibility to make a *de novo* evaluation of the record of the proceedings and, independent the trial court, to determine whether a legal cause of action in divorce exists. **See Pankoe v. Pankoe**, 222 A.3d 443, 447 (Pa. Super. 2019).

does not exist") (internal citation omitted). For these reason, we cannot conclude that the trial court erred when concluding Hamilton had not "memorialized" any economic issues. **See** Trial Court Opinion, 3/21/25, at 3; **Mariano**, 270 A.3d at 530.[3]

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2025

---

[3] Hamilton has not filed a petition to open or vacate the decree pursuant to 23 Pa.C.S.A. § 3332. **See Mariano v. Rhodes**, 270 A.3d 521, 530 (Pa. Super. 2022). Moreover, there is no indication that Hamilton attempted to present the trial court with any evidence of his attempted filing of a counter-affidavit or petitioned to open or vacate the divorce decree. **See** Pa.R.A.P. 302(a).